Charles A. Dougherty, Plaintiff-Appellee, v. General Accident Fire & Life Assurance Corporation, Defendant-Appellant.

Gen. No. 33,847.

Heard in the third division of this court for the first district at the October term, 1929. Opinion filed December 10, 1930.

John A. Bloomingston, for appellant.

Kelly & Murphy, for appellee.

Mr. Presiding Justice Wilson delivered the opinion of the court.

This is an appeal from a judgment for $1,050, rendered in the superior court in a suit on an insurance policy. The cause was tried by the court without a jury and on a stipulation of facts.

There appears to be but one issue in the case: The Workmen's Compensation Act, provided, ch. 48, ¶ 216,

section 16, Cahill's Illinois Revised Statutes of 1925, that the industrial commission may make rules and orders for carrying out duties imposed upon it by law. By virtue of this power granted to it, the industrial commission passed a rule to the effect that a policy of insurance covering the employees of the employer named in the policy, should not terminate by cancellation or otherwise until after notice of such termination had been received by the industrial commission of Illinois. The Supreme Court of this State in the case of *Zurich General Accident & Liability Ins. Co. v. Industrial Commission*, 325 Ill. 452, held this rule invalid in that it created a liability on the part of the insurer, by reason of a rule of the commission, where none existed by law. It was a violation of the right of contract and invalid. In the case at bar, however, this provision was expressly incorporated into the contract as a condition thereto, and was governing and controlling as to the parties because of its being consented and agreed to by them.

The policy contained a clause, as follows:

"The law of any State, in which this policy applies, which requires that notice of cancellation shall be given to any board, commission or other State agency, is hereby made a part of this policy and cancellation in such State shall not be effective except in compliance with such law."

Attached to the policy as a rider, and by reason thereof part of the policy, was the following indorsement:

"April 19, 1924.

"ILLINOIS.

"The obligations of paragraph one (a) of the policy to which this indorsement is attached include such workmen's compensation laws as are herein cited and described and none other.

"House Bill No. 841, session of 1913, as amended by Senate Bill No. 66, session of 1915, Senate Bill

No. 471 and House Bill No. 551, both session of 1917; Senate Bill No. 384, session of 1919, and Senate Bill No. 525, session of 1921, State of Illinois, all known and cited as the Workmen's Compensation Act, and all laws amendatory thereof which may be or become effective while this policy is in force. . . .

"Any termination of this policy shall not be effective as to the employees of this employer covered thereby until ten days after notice of such termination by cancellation or otherwise has been received by the Industrial Commission of Illinois at its office in Chicago, Illinois."

The accident for which the cause was brought happened a day or two after the expiration of the policy, but within the ten-day period provided for as to notice to the industrial commission. This ten-day provision—being incorporated in the policy and made a part thereof—was binding upon the parties to that agreement. The defendant expressly stipulated by this clause of the policy and the indorsement attached thereto, that it would insure the plaintiff for ten days after it had notified the industrial commission of the fact that the policy had expired. Without this provision, plaintiff might not have signed nor accepted the policy. The parties having agreed to the conditions, should be bound by them.

The Supreme Court of this State in the case of *Zurich General Accident & Liability Ins. Co. v. Industrial Commission, supra,* refused to read this rule of the industrial commission into the policy. In the case at bar, the parties themselves wrote the condition into the policy and it became part of the policy by their own act. There is no attempt to read it into the policy by operation of law.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL and FRIEND, JJ., concur.