15511

BANKS v. BATESBURG HAULING CO. *ET AL.*

(24 S. E. (2d), 496)

March, 1942.

274

*Mr. Richard T. Maher,* of Columbia, Counsel for Appellant,

*Mr. J. Albert Merritt,* of West Columbia, and *Mr. C. T. Graydon* and *Mr. F. Ehrlich Thompson,* both of Columbia, Counsel for Respondent,

February 27, 1943.

The unanimous opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

The respondent was awarded workmen's compensation for herself and her infant child on account of the death of her husband resulting from accident suffered in the course of his employment. The employer has not appealed from the judgment of the trial Court affirming the award, only the insurance carrier.

The latter issued its policy usual in form on March 15, 1940, to terminate March 15, 1941, within which period the fatal accident occurred. However, on August 19, 1940, the South Carolina Compensation Rating Bureau received at its office in Columbia the copy of a letter from the insurer, the appellant National Lloyd's, to the employer dated August 16, rescinding a stated former notice of cancellation of the policy, and on August 22, 1940, the Rating Bureau received copy of notice of cancellation dated August 20, and effective September 1, 1940. Between the stated dates and the time of the normal expiration of the policy, March 15, 1941, the accident and death occurred, which gave rise to the litigation.

The first sentence of Section 54 of the original Compensation Act 1942 Code, Sec. 7035-57, is as follows: "The Commission [referring to the Industrial Commission] may make rules, not inconsistent with this Act [Code-article], for carrying out the provisions" thereof. Certain rules have

been promulgated pursuant thereto and to Act No. 132 of the Acts of 1937, 40 Stat., 174, 1942 Code, Section 2118-3, and were on file (in accord with the latter Act) in the office of the Secretary of State at the time of the issuance of the policy in controversy. The rules are also found in the 1942 Code, Volume 4, pages 54-57. Rule 4 is particularly in question, as follows: "Any insurance carrier having issued a policy to an employer and desiring to cancel same shall be required to give ten days' prior notice thereof to the Industrial Commission at its office in the City of Columbia. Cancellation of policies shall give cause and be reported promptly to the. Commission."

Rule 3 provides that employers shall give notice of their compliance with the insurance provisions of the Act and that notice from the Rating Bureau, certifying the fact, will be received by the commission as acceptable proof. With the latter requirement, Rule 3, there was compliance in this case, but no notice of the cancellation of the policy was sent by the Rating Bureau or received by the commission. An official of the bureau in testimony suggested that its failure to notify the commission in accord with· the established ·custom in such cases was caused by the receipt by the bureau at about the same time, stated in detail above, of copy of notice of the cancellation and of the letter rescinding a former cancellation, and that these copies were probably filed concurrently, and the letter probably taken to refer to the latter instead of the former cancellation.

No question is made by the appellant of the finding that notice of the cancellation was never received by the commission and that therefore the terms of Rule 4, quoted above, were in fact violated, but it takes two positions in substantiation of its allegations of error, first that the rule is an illegal attempt on the part of the commission to legislate and that if it is authorized by the opening sentence, quoted above, of Section 54 of the Act, 1942 Code, Section 7035-57, the latter is an illegal attempt on the

part of the General Assembly to delegate its legislative power; and second, that the evidence establishes that it was the invariable custom of the Rating Bureau to receive and give notices of cancellations of insurance policies to the commission, whereby the latter is bound by the receipt of notice by the bureau.

The Bureau was created and functions pursuant to Section 73 of the original Act, 1942 Code, Section 7035-76, which has for its principal purposes assurance of reasonable premium rates, levying a tax thereon, and requiring the supervision of the State Insurance Commissioner. The bureau is nowhere made by this law the agent of the Industrial Commission or, for that matter, the agent of the member companies. Nothing can be fairly found therein affecting the rule-making power of the commission or the plain provision of Rule 4, quoted above, requiring ten days' notice to the Industrial Commission of cancellation of a policy of insurance of the existence of which it had regular notice and upon which it depended for protection of the covered employees. The insurer in this case entrusted the performance of its duty to give notice to the bureau and the latter's neglect will not relieve it (the insurer) of liability. The fact that this insurer and others made a custom of so relying upon the bureau can properly have no importance in this controversy.

Appellant earnestly urges the persuasive authority of two decisions of highly respected Courts of other states, which it contends indicate a decision favorable to it. One is *Motsinger v. Perryman,* 1940, 218 N. C., 15, 9 S. E. (2d), 511,· 513. Reference to the report, however, shows a strong and well-expressed dissent of two of the Justices, the logic of which is convincing. The commission rule there in effect was identical with our Rule 4, but the problem was not presented as it is in the instant case. It was stated as follows at the outset of the majority opinion of the Court: "It was admitted here that the defendant Perryman is solvent and able

to pay the award made so that the rights of the plaintiff are not endangered by the controversy presented which is, as found by the commission, primarily between the defendant Perryman [employer] and the defendant Associated Indemnity Corporation [the alleged insurance carrier.]" This statement of facts is not that shown by the record before us, so such a consideration cannot properly influence the decision of the instant controversy if, indeed, it should be considered in any case.

The North Carolina Court cited as the only case directly in point *Zurich General Accident, etc., Co. v. Industrial Commission,* 325 Ill., 452, 156 N. E., 307, which was decided in 1927, and it is the other authority principally relied upon by appellant here. That case involved an easily distinguishable question, not here presented, for there the insurance policy sued upon was in fact never delivered or accepted by the insured, notice of its intended issuance (in renewal) having been prematurely filed with the commission by the company.

It is interesting to note that a few years later, in 1930, the Illinois appellate Court rendered a contrary decision in *Dougherty v. General Accident, etc., Corp.,* 259 Ill. App., 268, distinguishing the *Zurich case* and not following it upon the ground that there was written into the contract of insurance a provision that any state law requiring the giving of notice of cancellation of the insurance to any state agency was incorporated therein, but the "state law" upon which the decision thus turned appears to have been the same rule of the State Industrial Commission involved in the *Zurich case* and somewhat similar to that here in question.

The policy which National Lloyd's issued and of the existence of which the Industrial Commission received due notice, contained a similar provision to that held controlling by the Illinois Court in the *Dougherty case, supra,* as follows: "This policy may be cancelled at any time by either

of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the Policy Period. The law of any state, in which this Policy applies, which requires that notice of cancellation shall be given to any Board, Commission or other state agency is hereby made a part of this policy and cancellation in such state shall not be effective except in compliance with such law."

A number of decisions of the Courts of many states upon the general subject of the necessity of notice where it is attempted to cancel a policy of insurance under workmen's compensation laws are found in the annotation in 107 A. L. R., beginning at page 1514. There seems generally to be no distinction in these cases as to whether the filing of timely notice with a State agency is required by statute or by commission rule. The North Carolina case, first above referred to, was decided after the preparation of this annotation and is, therefore, not included in it. However, the Illinois cases mentioned are digested and commented upon at page 1515 of the annotation. See also, 71 C. J., 914, the reasoning of which text is equally applicable to statutory or rule requirements of the filing of notices of policy cancellations.

Rule-making powers of boards and commissions created by the legislature and vested by statute with such powers have long been established and recognized. Some of the late cases from this Court bearing on the subject are: *Santee Mills v. Query,* 122 S. C., 158, 115 S. E., 202; *State ex rel. Richards v. Moorer,* 152 S. C., 455, 150 S. E., 269; *Stovall et al. v. Sawyer, Chief Highway Commissioner,* 181 S. C., 379, 187 S. E., 821; *Fisher v. J. H. Sheridan Company,* 182 S. C., 316, 189 S. E., 356, 108 A. L. R., 981; *State v. Ross,* 185 S. C., 472, 194 S. E., 439; *Bramlette v. Stringer,* 186 S. C., 134, 195 S. E., 257; *Gas-*

*que, Inc., v. Nates, Commissioner,* 191 S. C., 271, 2 S. E. (2d), 36.

In several of the cited cases it was clearly and emphatically stated and repeated: "While the Legislature may not delegate its power to make laws, it may vest in administrative officers and bodies a large measure of discretionary authority, especially to make rules and regulations relating to the enforcement of the law." 12 C. J., 844 *et seq.*; 16 C. J. S., Constitutional Law, § 138, page 352; 11 Am. Jur., 953-962.

Tested by the consideration of the foregoing authorities there appears no doubt that the questioned rule was authorized by the express provision of the statute and that the rule itself is reasonable in its requirement and implements the provisions of the statute, and, indeed, is necessary for the orderly enforcement of the requirements of the law with respect to the procurement and maintenance of insurance by employers subject to its terms. 1942 Code, Section 7035-70 *et seq.*

Clearly a rule cannot be made by an administrative body which would materially alter or add to the law; a rule to be valid may only implement the law. The rule-making power and authority of the Industrial Commission under the Compensation Act was impliedly recognized by this Court in its recent (1939) decision in *State ex rel. Daniel, Attorney General, v. Wells,* 191 S. C., 468, 5 S. E. (2d), 181. However, in that clear case it was held that the commission's rule which permitted the appearance of parties in contested cases before members of the commission by lay representatives attempted to permit the practice of law by the latter without a license, in violation of the statutes upon that subject, and that the rule was to that extent invalid. On the contrary in this case the rule regulates the cancellation of policies of insurance issued by carriers of the liability under the compensation law and implements the latter without violating it or any other law which has been brought to our attention.

In view of all of the foregoing it is hardly necessary to cite the provision of the compensation law, Section 7035-75 of the 1942 Code, in effect at the time of the issuance of appellant's policy, as follows: "Every policy for the insurance of the compensation herein provided, or against liability therefor, shall be deemed to be made subject to the provisions of this article [act]."

"This article," the Compensation Law, vested authority in the commission to make proper rules (which that in question was, as we have seen), and of all of this the appellant was charged with knowledge. Thus, certainly so far as the commission is concerned and equally certainly so far as the respondent is concerned, appellant's policy was uncancelled and of force by its own terms, which latter the law was a part of, at the time of the fatal accident to respondent's decedent.

Accordingly, the exceptions are overruled and the judgment of the Circuit Court affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.