22196

The SOCIETY OF PROFESSIONAL JOURNALISTS, Sigma Delta Chi, Low-country Chapter, and Mary A. Glass Individually, as Director of said Society, Respondents v. Joel S. SEXTON, M.D., as Charleston County Medical Examiner, and the South Carolina Department of Health and Environmental Control, of which the South Carolina Department of Health and Environmental Control is, Appellant. Appeal of SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL.

(324 S. E. (2d) 313)

Supreme Court

*T. Travis Medlock, Atty. Gen.* and *Daniel R. McLeod, Retired Atty. Gen., Walton J. McLeod, III, Gen. Counsel for South Carolina Dept. of Health and Environmental Control,* and *Jacquelyn S. Dickman, Asst. Gen. Counsel,* Columbia, *for appellant.*

*Thomas S. Tisdale, Jr.,* Charleston, *for respondents.*

Heard Nov. 12, 1984.

Decided Dec. 10, 1984.

HARWELL, Justice:

The respondents Society of Professional Journalists and Mary A. Glass initiated this action under the South Carolina Freedom of Information Act (FOIA) for a declaratory judgment that death certificates and medical examiners' records are public records maintained by a public body and must be provided to the public upon request. A consolidated action by the respondents sought an attorney fee award. We affirm the declaratory judgment but modify the attorney fee award.

On September 27, 1980, Brian Keith Johnson, a fifteen-year-old youth, was murdered in Charleston County. A death certificate was prepared by the Charleston County Medical Examiner and filed with the Department of Health and Environmental Control (DHEC). On December 22, 1980, the respondent Mary A. Glass, a reporter from the Charleston *News and Courier,* submitted a written request to DHEC and the Medical Examiner for written records pertaining to the death of Brian Keith Johnson.[1] By the time this request was made, the suspects for the murder had been arrested and charged. The request was denied by DHEC on December 30, 1980 and by the Medical Examiner, Joel S. Sexton, M.D., on January 12, 1981.

The lower court held that death certificates are public records maintained by a public body and are subject to FOIA disclosure requirements. However, the court held the Medical Examiner's records exempt from disclosure as medical records under § 30-4-20(c) and as investigative reports under Code § 30-4-40(a)(3). The respondents have not appealed this ruling. In a separate action, the respondents were awarded attorney fees. The sole issues before us are the DHEC appeals regarding the death certificate and attorney fees.

---

[1] No written request for disclosure was made by the Society of Professional Journalists, but Ms. Glass is a member of the Society, and DHEC's exception regarding the Society's standing was abandoned.

Code § 30-4-30(a) (1983 Cum. Supp.) provides: "Any person has a right to inspect or copy any public record of a public body, except as otherwise provided ...." DHEC is a public body, and death certificates are public records subject to disclosure unless they are exempted from disclosure by the Act or other provision of law.

DHEC first contends that death certificates are in the nature of medical records and are therefore exempt from disclosure pursuant to Code § 30-4-20(c). We disagree. It is true that death certificates contain a medical certification of the cause of death. However, they are not medical records in the normal sense but are statements of conclusion by persons required by law to make such findings after the death of a citizen of the state.

DHEC next asserts that death certificates are exempt from disclosure pursuant to Code § 30-4-40(a)(2), which exempts "information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy ...." We disagree. Generally, privacy rights are considered personal rights which do not survive. *See* 18 A.L.R. (3d) 873 (1968), 62 Am. Jur. (2d), *Privacy*, § 12 (1972). In addition, "one of the primary limitations placed on the right of privacy is that it does not prohibit the publication of matter which is of legitimate public or general interest." *Meetze v. Associated Press.* 230 S. C. 330, 95 S. E. (2d) 606, 609 (1956). Here, the requested death certificate was that of a murder victim in a case of great public interest. This exception lacks merit.

DHEC additionally contends that death certificates are exempt from disclosure by virtue of Code § 30-4-40(a)(3)(B). This exemption is for "records of law enforcement and public safety agencies not otherwise available by law that were compiled in the process of detecting and investigating crime if the disclosure of the information would harm the agency by: (B) the premature release of information to be used in a prospective law enforcement action." We agree with DHEC that this is an important exemption. Nevertheless, the evidence revealed that prior to the FOIA request, the suspects in the underlying murder case had been arrested and tried, and the investigation concluded. There was no evidence of an ongoing criminal investigation at the time the FOIA request was made.

The appellant further relies on DHEC Regulation 61-19-§ 39(a)(2) (1983 Cum. Supp.) as a law requiring death certificates to remain closed to the public under Code § 30-4-20(c). Part (a) of the Regulation prohibits DHEC disclosure of a vital record unless the applicant has a "direct and tangible interest in the content of the record and ... the information contained therein is necessary for the determination or protection of a personal or property right." For disclosure of a death certificate, "a surviving relative or his legal representative" is deemed to have sufficient interest. The term "legal representative" is defined in (b) to include attorneys, physicians, funeral directors, insurance agents or authorized agents of the family.

Although a regulation has the force of law, it must fall when it alters or adds to a statute. *Banks v. Batesburg Hauling Co.*, 202 S. C. 273, 24 S. E. (2d) 496 (1943). While we sympathize with DHEC's desire to limit public access to death certificates, we believe that § 61-19-§ 39(a)(2) contravenes FOIA. Code § 44-63-60 (1976) requires a death certificate to be furnished under the seal of DHEC, upon request, and does not limit the class of persons to whom the certificates must be furnished. On the other hand, § 44-63-80 (1983) does limit the class of persons to whom birth certificates can be furnished. We therefore hold that Regulation 61-19 § 39(a)(2) is invalid and repugnant to FOIA. Amending FOIA to restrict the class of persons to whom DHEC must furnish death certificates is a legislative function.

The appellant asserts that, even if no statutory exemption has been met, public policy dictates that the court uphold nondisclosure, citing *Consumers Union v. Veterans Administration*, 301 F. Supp. 796 (D.N.Y.1969). In the instant case, we find no public policy which overrides the goals of FOIA. *See Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed. (2d) 328 (1975).

The second consolidated appeal involves attorney fees. Code § 30-4-100 (1983 Cum. Supp.) allows an award of atorney fees to a prevailing plaintiff in a FOIA case.[2]

---

[2] The statute allows an attorney fee award after a plaintiff prevails in an injunction action. However, we construe this to apply also to an action for a declaratory judgment.

The statute provides: "If a person seeking such relief prevails, he may be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof." The trial court awarded the respondent 70% of the total attorney fee for the suits against DHEC and the Medical Examiner plus $750 toward the appeal, all contingent on this Court's affirmance of the judgment below.

The appellant urges this Court to reverse the attorney fee award on grounds that DHEC acted in good faith reliance on its regulation. We decline to do so. The trial judge did not abuse his discretion in awarding fees to encourage agencies to comply with FOIA requests. However, in order to correct an error in computation, we hold the total amount of attorney fees and costs in the lower court to be $1,352.88. When the $750.00 attorney fee for the appeal is added, the total which DHEC must pay is $2,102.88.

The judgment below is accordingly,

Affirmed as modified.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.