22661

Dr. Donald DUNTON, Respondent v. SOUTH CAROLINA BOARD OF EXAMINERS IN OPTOMETRY, Appellant.

(353 S. E. (2d) 132)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. C. Richard Kelly*, Columbia, *for appellant.*

*J. Leeds Barroll, IV*, Columbia, *for respondent.*

Heard Jan. 6, 1987.

Decided Feb. 2, 1987.

GREGORY, Justice:

This appeal is from an order requiring appellant (Board of Examiners) to issue respondent (Dr. Dunton) a license to practice optometry. We reverse.

Dr. Dunton practiced optometry in the United States Air Force for twenty-four years following his graduation from optometry school in 1961. In 1985 he applied to the Board of Examiners for a license to practice optometry in South Carolina. Pursuant to S. C. Code Ann. § 40-37-100 (1986), the Board of Examiners requires any applicant, including one who is a practicing out-of-state optometrist, to pass a practical examination. When Dr. Dunton failed four of six parts of this practical examination, the Board of Examiners refused to issue him a license.

Dr. Dunton appealed to the Circuit Court claiming he should be exempted from the practical examination pursuant to S. C. Code Ann. § 40-37-90(4) (1986). The Circuit Court agreed and ordered the Board of Examiners to issue Dr. Dunton a license.

Section 40-37-90 sets forth the qualifications for registra-

tion as an optometrist in this state. It requires that the applicant "has passed a satisfactory examination recognized by the Board" or:

(4) Has passed the National Board of Optometry Examination or an equivalent examination and has practiced for five years in another state or states and is in god standing in the state in which he was last actively engaged in the practice of optometry.

S. C. Code Ann. § 40-37-90(4) (1986). Section 40-37-100 further provides that "the Board may also require a relevant practical or oral examination."

The Board interprets these statutes to require that a practicing out-of-state optometrist who qualifies under § 40-37-90(4) need not be re-examined on theoretical knowledge but can be required under § 40-37-100 to pass a practice-related examination before being licensed in South Carolina. Dr. Dunton contends that qualification under § 40-37-90(4) as a practicing optometrist exempts one from any further examination. We find the Circuit Court erred in rejecting the Board of Examiners' interpretation of these statutes.

The Board of Examiners is the agency responsible for examining optometric license applicants and for prescribing regulations for their examination. S. C. Code Ann. §§ 40-37-20 and -50 (1986). The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons. *Emerson Electric Co. v. Wasson,* 287 S. C. 394, 339 S. E. (2d) 118 (1986); *Faile v. South Carolina Employment Security Comm'n,* 267 S. C. 536, 230 S. E. (2d) 219 (1976). It is within the State's police power to require educational qualifications for those already engaged in the practice of any profession. *Dantzler v. Callison,* 230 S. C. 75, 94 S. E. (2d) 177 (1956). The Circuit Court's order cites no compelling reasons for rejecting the Board of Examiners' interpretation of these statutes requiring a practical examination of all applicants.

We need not address the Board of Examiners' alternative argument that Dr. Dunton's practice as an optometrist in

military service does not qualify under § 40-37-90(4). The judgment of the lower court is

Reversed.

NESS, C. J., and CHANDLER and FINNEY, JJ., concur.

Acting Associate Justice LAWRENCE E. RICHTER concurs.