24250

James W. GOODMAN, Petitioner v. CITY OF COLUMBIA, Respondent.

(458 S.E. (2d) 531)

Supreme Court

FINNEY, J., filed dissenting opinion.

*James L. Bell* of the *Bell Law Firm, P.A.*, Charleston, *for petitioner.*

*Kenneth E. Gaines* of the *Office of the City Attorney*, Columbia, *for respondent.*

Heard Dec. 6, 1994.

Decided May 30, 1995.

WALLER, Justice:

We granted certiorari to review the opinion of the Court of Appeals in *Goodman v. City of Columbia*, Op. No. 93-UP-221 (filed August 4, 1993; amended opinion refiled November 3, 1993 and withdrawn; amended opinion refiled November 15, 1993). We reverse.

## FACTS

Petitioner, James W. Goodman filed a workers' compensation claim against the City of Columbia (the City) claiming an onset of severe mental stress and depression caused by job stress. The Single Commissioner denied the claim for benefits. Petitioner then applied for review by the Full Commission. The City moved to dismiss petitioner's motion because petitioner had failed to timely file and perfect his appeal, resulting in a lack of jurisdiction. The Commission denied the City's motion to dismiss.

The City appealed the denial of the motion to dismiss to the circuit court. The circuit court affirmed the Commission's finding. The City filed and served a notice of appeal on April 20, 1992.

The Court of Appeals initially affirmed the decision of the circuit court. On rehearing, however, it vacated the orders of the Commission and the circuit court. We granted certiorari to review the decision of the Court of Appeals.

## ISSUE

Did the Court of Appeals err in holding that the Commission was without jurisdiction to consider petitioner's application for review.

## DISCUSSION

In this case, petitioner received the Single Commissioner's order on September 27, 1990. Petitioner wrote the Commission on October 2, 1990, expressing his desire to appeal "all issues denied by the Single Commissioner" and requesting the appropriate forms. On October 4, 1990, petitioner received a Form 30 in which to perfect his appeal, and he also received a letter establishing October 14, 1990, as the deadline date to file the Form 30. The completed Form 30, along with the filing fee was filed with the Commission on October 17. The Commission denied the City's motion to dismiss, finding that petitioner's letter of October 2nd constituted substantial compliance with S.C. Code Ann. § 42-17-50.

Pursuant to § 42-17-50, a party seeking review of a decision of a Single Commissioner may have the decision reviewed by the Commission if an application for review is made to the Commission within fourteen days from the date when notice of the decision is given.

Reg. 67-701 further elaborates by stating, in part:

Either party may request Commission review of the Hearing Commissioner's decision by filing the original and eight copies of a Form 30, Request for Commission Review . . . within fourteen days of the day the Commissioner's order is received. The fourteen day period is jurisdictional. The Commission will not accept for filing a Form 30 that is not postmarked or delivered to the Commission by the fourteenth day from the date of receipt of the Hearing Commissioner's order.

Petitioner contends that the Court of Appeals erred by holding that the October 2, letter did not substantially comply with the Commission's requirements for review of a hearing commissioner's decision. We agree.

Regulations authorized by the legislature have the force of law. *Faile v. S.C. Employment Security Commission*, 267 S.C. 536, 230 S.E. (2d) 219 (1976). Although a regulation has the force of law, it may not alter or add to a statute. *Society of Professional Journalists v. Sexton*, 283 S.C. 563, 324 S.E. (2d) 313 (1984). In this case, § 42-17-50 confers jurisdiction upon the Commission and provides for fourteen days to apply for review. Reg. 67-701 adds the re-

quirement of applying for review with a particular form, thereby adding to the statute. Insofar as Reg. 67-701 increases the threshold requirements of § 42-17-50, the specifications set forth in the statute must prevail.

Petitioner's letter unquestionably gave notice of intent to appeal, and the Commission, in its discretion chose to treat the letter as an application for review. We find that great deference should be given to the Commission's deciding that petitioner substantially complied with the mandates of § 42-17-50. *Dunton v. S.C. Board of Examiners in Optometry*, 291 S.C. 221, 353 S.E. (2d) 132 (1987) (The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons). Accordingly, we reverse the decision of the Court of Appeals.

Reversed.

CHANDLER, C.J., and TOAL and MOORE, JJ., concur.

FINNEY, J., dissents in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. In my opinion, the Commission acted well within its powers in promulgating 25A S.C. Code Ann. Reg. 67-701 requiring that all appeals be filed on a Form 30, and providing that timely service of a Form 30 is a jurisdictional prerequisite to an appeal. Since petitioner's letter was not on a Form 30 and did not contain the grounds for appeal,[1] there was no appeal filed within the jurisdictional time limit and the Court of Appeals properly vacated the orders.

The Commission is authorized to promulgate regulations implementing statutes. The regulations must be consistent with the statutes being implemented. S.C. Code Ann. § 42-3-30 (1985). Regulation 67-701 implements S.C. Code Ann. § 42-17-50 (1985 and Supp. 1993), which provides an award shall be reviewed "if an application for review is made" within fourteen days. Unlike the majority, I conclude that the Form 30 promulgated by the Commission implements the statutory mandate of "an application for review." Further, essentially all

---

[1]See Reg. 67-701(A)(3).

litigation before the Commission is conducted pursuant to approved forms, use of which are mandatory. See 25A S.C. Code Ann. Reg. 67-203(A). To suggest, as the majority does, that composing forms and mandating their use is an improper alteration or addition to a statute, especially a statute specifically referring "an application for review," is untenable. Further, the regulation's provision that the fourteen-day period is jurisdictional simply implements the statutory language, and is proper. *See Chapman v. Foremost Dairies*, 249 S.C. 438, 154 S.E. (2d) 845 (1967).

I would affirm.