641 S.E.2d 39

**David H. BARTON, Employee, Claimant,**

**v.**

**William Ian HIGGS d/b/a Iyanel Enterprises and Total Home Exteriors, Inc., Employers, and Key Risk Insurance and SC Uninsured Employers' Fund, Carrier, Defendants,**

**Of Whom Total Home Exteriors, Inc., Employers and Key Risk Insurance are the Respondents,**

**And SC Uninsured Employers' Fund is the Appellant.**

**No. 4197.**

Court of Appeals of South Carolina.

Submitted Jan. 1, 2007.

Decided Jan. 16, 2007.

Rehearing Denied Feb. 26, 2007.

Amy V. Cofield and Terry M. Mauldin, both of Lexington; LaTonya Edwards, of Columbia, for Appellant.

Michael A. Farry, and David A. Wilson, both of Greenville, for Respondents.

ANDERSON, J.:

In this workers' compensation case, the South Carolina Uninsured Employers' Fund (the Fund) appeals the finding of the Appellate Panel of the Workers' Compensation Commission that the contractor was entitled to transfer liability to the Fund under section 42–1–415 of the South Carolina Code (Supp.2005) because the contractor collected documentation of its subcontractor's insurance on "a standard form acceptable to the commission." We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

William Higgs, doing business as Iyanel Enterprises (Iyanel), served as the roofing subcontractor for Total Home Exteriors, Inc. (Total Home) for nine years. One of the jobs Iyanel worked on for Total Home was in the Keowee Keys subdivision in Seneca. Iyanel paid for insurance coverage through Jackie Perry Insurance Agency in Anderson and received an unsigned Certificate of Insurance evidencing workers' compensation and employer's liability insurance for September 13, 2003 through September 13, 2004. When Iyanel was initially engaged to perform the work at Keowee Keys, it presented Total Home with the Certificate of Insurance. The record indicates Iyanel paid for the insurance and an employee of the Jackie Perry agency issued Certificates of Insurance without coverage being bound.

David Barton, an employee of Iyanel, was injured when he fell from a roof at the Keowee Keys job and as a result, filed a workers' compensation claim. At the time of the accident, despite Iyanel's belief to the contrary, the business did not have workers' compensation coverage. The single commissioner found Barton had suffered a compensable injury and that Total Home was a statutory employer liable for compensation under section 42–1–410 of the South Carolina Code (1985). The single commissioner further found that under section 42–1–415, Total Home had no ultimate liability because

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

it relied in good faith on Iyanel's Certificate of Insurance and transferred responsibility for the workers' compensation benefits to the Fund.

The Fund appealed to the Appellate Panel, which affirmed the single commissioner's order and incorporated it by reference. On appeal, the circuit court affirmed the Appellate Panel.[2]

## *STANDARD OF REVIEW*

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Appellate Panel. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct.App.2004); *Gibson v. Spartanburg Sch. Dist. No. 3*, 338 S.C. 510, 516, 526 S.E.2d 725, 728 (Ct.App.2000). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law. *Stone v. Traylor Bros., Inc.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App. 2004); *Frame v. Resort Servs., Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 495 (Ct.App.2004); *Stephen v. Avins Constr. Co.*, 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct.App.1996).

The substantial evidence rule governs the standard of review in a workers' compensation decision. *Frame*, 357 S.C. at 527, 593 S.E.2d at 494. The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record. *Shuler v. Gregory Elec.*, 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct.App.2005) (citing *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999)). An appellate court can reverse or modify the Appellate Panel's decision only if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative and sub-

---

2. Barton appealed to the Appellate Panel and circuit court. The Appellate Panel affirmed the single commissioner, but the circuit court reversed the Appellate Panel on one of Barton's issues on appeal regarding terminating weekly benefits. The issues that Barton appealed are not involved in this appeal.

stantial evidence on the whole record." S.C.Code Ann. § 1–23–380(A)(6) (2005); *Bursey v. S.C. Dep't of Health & Envtl. Control,* 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct.App.2004).

"Substantial evidence" is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.

*Lark,* 276 S.C. at 135, 276 S.E.2d at 306; *see also Pratt v. Morris Roofing, Inc.,* 357 S.C. 619, 623, 594 S.E.2d 272, 274 (2004); *Jones v. Ga.-Pac. Corp.,* 355 S.C. 413, 417, 586 S.E.2d 111, 113 (2003); *Etheredge v. Monsanto Co.,* 349 S.C. 451, 456, 562 S.E.2d 679, 681–82 (Ct.App.2002); *Broughton v. S. of the Border,* 336 S.C. 488, 495, 520 S.E.2d 634, 637 (Ct.App.1999).

"[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n,* 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984); *see also Sharpe,* 336 S.C. at 160, 519 S.E.2d at 105; *DuRant v. S.C. Dep't of Health & Envtl. Control,* 361 S.C. 416, 420, 604 S.E.2d 704, 707 (Ct.App.2004); *Corbin v. Kohler Co.,* 351 S.C. 613, 618, 571 S.E.2d 92, 95 (Ct.App.2002); *Muir v. C.R. Bard, Inc.,* 336 S.C. 266, 282, 519 S.E.2d 583, 591 (Ct.App.1999). Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive. *Hargrove,* 360 S.C. at 290, 599 S.E.2d at 611; *Etheredge,* 349 S.C. at 455, 562 S.E.2d at 681. In workers' compensation cases, the Appellate Panel is the ultimate finder of fact. *Shealy v. Aiken County,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000); *Bass v. Isochem,* 365 S.C. 454, 468, 617 S.E.2d 369, 376 (Ct.App.2005); *Muir,* 336 S.C. at 282, 519 S.E.2d at 591. "The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel." *Frame,* 357 S.C. at 528, 593 S.E.2d at 495 (citing *Shealy v. Aiken County,* 341 S.C. 448, 535 S.E.2d 438 (2000); *Parsons v. Georgetown Steel,* 318 S.C. 63, 456 S.E.2d 366 (1995); *Gibson,* 338 S.C. at 517, 526 S.E.2d at 729). The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence. *Anderson v. Baptist Med. Ctr.,* 343 S.C. 487, 492,

541 S.E.2d 526, 528 (2001); *Hicks v. Piedmont Cold Storage, Inc.*, 335 S.C. 46, 48, 515 S.E.2d 532, 533 (1999).

### *LAW/ANALYSIS*

■ The Fund argues the circuit court erred in affirming the Appellate Panel's finding Total Home was entitled to transfer liability to the Fund under section 42–1–415 of the South Carolina Code (Supp.2005). The Fund contends that because the certificate Iyanel presented to Total Home was unsigned, Total Home failed to comply with all the statutory provisions. We disagree.

■ Section 42–1–415 provides:

(A) Notwithstanding any other provision of law, upon the submission of documentation to the commission that a ... subcontractor has represented himself to a higher tier ... contractor ... as having workers' compensation insurance at the time the ... subcontractor was engaged to perform work, the higher tier ... contractor ... must be relieved of any and all liability under this title except as specifically provided in this section. In the event that employer is uninsured, regardless of the number of employees that employer has, the higher tier ... contractor ... or his insurance carrier shall in the first instance pay all benefits due under this title. The higher tier ... contractor ... or his insurance carrier may petition the commission to transfer responsibility for continuing compensation and benefits to the Uninsured Employers' Fund. The Uninsured Employers' Fund shall assume responsibility for claims within thirty days of a determination of responsibility made by the commission. The higher tier ... contractor ... must be reimbursed from the Uninsured Employers' Fund as created by Section 42–7–200 for compensation and medical benefits as may be determined by the commission. Any disputes arising as a result of claims filed under this section must be determined by the commission.

(B) To qualify for reimbursement under this section, the higher tier ... contractor ... must collect documentation of insurance as provided in subsection (A) on a standard form acceptable to the commission. The documentation must be collected at the time the contractor or subcontractor is

engaged to perform work and must be turned over to the commission at the time a claim is filed by the injured employee.

"Under subsection 42–1–415(A), a statutory employer . . . may transfer liability to the fund when a subcontractor's employee is injured if the statutory employer submits documentation to the fund that the subcontractor has represented himself as having workers' compensation coverage 'at the time the . . . subcontractor was engaged to perform work.'" *S.C. Uninsured Employer's Fund v. House*, 360 S.C. 468, 471, 602 S.E.2d 81, 82 (Ct.App.2004); *see also Harrell v. Pineland Plantation, Ltd.*, 337 S.C. 313, 330, 523 S.E.2d 766, 774–75 (1999) (noting that pursuant to section 42–1–415(A), "a statutory employer is no longer directly liable for workers' compensation payments whenever documentation is presented to the commission that a contractor or subcontractor represented himself to the statutory employer as having workers' compensation insurance").

Total Home met all of the statutory requirements to transfer liability: (1) a subcontractor, Iyanel, represented to Total Home, a higher tier contractor, that it had workers' compensation insurance at the time it was engaged to perform work; and (2) Total Home collected documentation of insurance on a standard form acceptable to the commission at the time Iyanel was engaged to perform work. The Fund's sole contention is that because the Certificate of Insurance was unsigned, Total Home does not meet the statutory requirement for documentation of insurance. However, the statute does not require a signed Certificate of Insurance. It merely states, *"a standard form acceptable to the commission."*

"The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Dunton v. S.C. Bd. of Exam'rs in Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987); *see also Buist v. Huggins*, 367 S.C. 268, 276, 625 S.E.2d 636, 640 (2006); *Daisy Outdoor Adver. Co. v. S.C. Dep't of Transp.*, 352 S.C. 113, 120, 572 S.E.2d 462, 466 (Ct.App.2002). Further, "[w]here the terms of the statute are clear, the court must apply those terms according to their literal meaning." *Brown*

*v. S.C. Dep't of Health & Envtl. Control,* 348 S.C. 507, 560 S.E.2d 410 (2002) (citing *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995)); *see also Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

The statute gives the commission the discretion of determining what is an acceptable form. The Appellate Panel found Iyanel's Certificate of Insurance to be a "form acceptable to the Commission." This finding was not in contravention of the literal meaning of the statute. Accordingly, we give the proper deference to the Appellate Panel in interpreting the statute. There is no compelling reason to differ with this interpretation of an acceptable form.

 The Fund argues Regulation 67–415(A) of the South Carolina Code (Supp. 2005) provides the only acceptable document to demonstrate insurance. The Regulation provides:

> For purposes of Section 42–1–415, the ACORD Form 25–S, Certificate of Insurance, as published by the ACORD Corporation and as issued by the insurance carrier for the insured, shall serve as documentation of insurance. The Certificate of Insurance must be dated, signed, and issued by an authorized representative of the insurance carrier for the insured.

*Id.* However, the Fund mischaracterizes the Regulation. The Regulation describes a document that is always accepted by the Workers' Compensation Commission but does not prevent the Appellate Panel from finding other documentation acceptable. Additionally, were we only to allow, as documentation of insurance, Certificates of Insurance that are signed, dated, and issued by an authorized representative of the insurance carrier for the insured, the upper-tier contractor could not look at the Certificate and discern whether it would be protected. It would have to verify that the representative that issued the Certificate is authorized by the insurance carrier. The legislature did not intend to put such a burden on contractors.

The Fund acknowledges the legislature created section 42–1–415 to provide relief for misled statutory employers. Iyanel was exploited by its insurance company and, thus, unknowingly victimized Total Home. The record contains no evidence that Total Home did not act in good faith. Therefore, Total Home is exactly whom the legislature intended to protect when it enacted the statute.

## CONCLUSION

Total Home met all of the requirements in section 42–1–415 of the South Carolina Code to transfer liability to the Fund. Although the Certificate of Insurance was unsigned, the Appellate Panel found the Certificate of Insurance to be acceptable. Accordingly, the circuit court's portion of the order affirming the Appellate Panel is

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.