**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sylvia Ann Davis, Employee, Claimant/Employee,
Appellant,

v.

Allendale County Hospital, Employer, and State
Accident Fund, Carrier, Respondents.

Appellate Case No. 2011-193407

---

Appeal From The South Carolina Workers'
Compensation Commission

---

Unpublished Opinion No. 2012-UP-669
Heard October 2, 2012 – Filed December 19, 2012

---

**AFFIRMED**

---

Thomas M. White, of The Steinberg Law Firm, of Goose
Creek, for Appellant.

O. Edworth Liipfert, III, of Griffith Sadler & Sharp, of
Beaufort, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-380(5)(d), (e) (Supp. 2011) and *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d

687, 689-90 (2010) (providing, under the APA, this court can reverse or modify the decision of the Appellate Panel if the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) and *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct. App. 2004) (noting the Appellate Panel is the ultimate finder of fact in workers' compensation cases and the final determination of witness credibility and the weight to be accorded evidence presented is reserved to the Appellate Panel); *Barton v. Higgs*, 381 S.C. 367, 369-70, 674 S.E.2d 145, 146 (2009) and *Jordan*, 381 S.C. at 486, 674 S.E.2d at 168 (holding, in reviewing a workers' compensation appeal, this court may not weigh the evidence or substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact; rather, it must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence); *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); Rule 208(b)(1)(B), SCACR (providing that "[o]rdinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); Rule 208(b)(1)(D), SCACR (requiring the brief of appellant be divided into as many parts as there are issues to be argued, and the argument section of the brief contain discussion and citations of authority).

**AFFIRMED.**

**HUFF, THOMAS and GEATHERS, JJ., concur.**