Justice KITTREDGE.
I respectfully dissent. While one view of the evidence supports the majority’s finding that Petitioner (Whigham) was “impliedly required to attend the kickball game[,]” there is other evidence that supports the decision of the Workers’ Compensation Commission (Commission). Take for example the following testimony from Whigham:
*139 Q: Let me make sure we’re clear on this. There was no requirement to be there?
A: There was actually — if you were not there, you were expected to be in the office working.
Q: Okay. Was there any pressure on you or anybody that you know of that you’d better be playing kickball that day?
A: No, there was not. There was never an ultimatum given to anybody.
Q: I mean, I’ve had friends who just don’t like sports, and if we set up an event or have an event like that, they would choose not to go. I mean, if you just chose to go play kickball, you didn’t have to play, correct?
A: No; that’s right.
Q: It was totally voluntary?
A: Either that or working.
Q: Okay. But you would agree it was voluntary to go play kickball.
A: Yes. It was not — it was not mandatory.
Because there is conflicting evidence whether Whigham was required to attend the kickball game, the substantial evidence standard of review compels us to affirm, just as the court of appeals did. See Hill v. Eagle Motor Lines, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) (“Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the Commission reached.” (citing Sharpe v. Case Produce, Inc., 336 S.C. 154, 159-60, 519 S.E.2d 102, 105 (1999))); Barton v. Higgs, 381 S.C. 367, 369-70, 674 S.E.2d 145, 146 (2009) (“When reviewing an appeal from the workers’ compensation commission, the appellate court may not weigh the evidence or substitute its judgment for that of the full commission as to the weight of evidence on questions of fact.” (citing Therrell v. Jerry’s Inc., 370 S.C. 22, 26, 633 S.E.2d 893, 894-95 (2006))).
I add two further comments. First, even were I to accept the majority’s version of the facts, Whigham’s claim for benefits would fail in any event. The majority conflates attending the event with participation in the kickball game. More to the *140 point, it was Whigham’s supervisory role in organizing the event that the majority points to in finding he was “impliedly required to attend the kickball game.” (emphasis added). Attending the event and participating in the kickball game are entirely different things.
This leads to my second comment. I am concerned with an analytical framework in the workers’ compensation recreational or social activity arena that favors supervisors over other employees. The majority notes that its “within the scope of employment” finding is limited to Whigham because he organized the event. Indeed, the majority observes that other employees would likely not be covered, for “the event may have been voluntary for company employees generally[,]” and Whigham’s organizational role “sets Whigham’s participation apart from that of all other employees.” In terms of participation in the kickball game, I can find no basis for favoring Whigham over all other employees.
I would affirm the court of appeals.
PLEICONES, J., concurs.