674 S.E.2d 166

Thomas D. JORDAN, Petitioner,

v.

KELLY COMPANY, INC., Employer, and Zenith Insurance Company, Carrier, Respondents.

No. 26611.

Supreme Court of South Carolina.

Heard Jan. 6, 2009.

Decided March 9, 2009.

David James Canty, of Myrtle Beach, and James L. Hills, of Hills & Hills, of Myrtle Beach, for Petitioner.

Christian Stegmaier and Peter H. Dworjanyn, both of Collins & Lacy, of Columbia, for Respondents.

Chief Justice TOAL.

In this workers' compensation case, the single commissioner found Petitioner's injury compensable and awarded benefits, but the full commission reversed. The circuit court reversed the full commission and reinstated the single commissioner's decision awarding benefits. The court of appeals reversed the circuit court, finding that substantial evidence in the record supported the full commission's decision. *Jordan v. Kelly Co. Inc.*, Op. No.2007–UP–010 (S.C. Ct.App. filed January 11, 2007). We granted a writ of certiorari to review the court of appeals' decision. We affirm

### FACTUAL/PROCEDURAL BACKGROUND

Petitioner Thomas Jordan was employed as a driver by Respondent Kelly Company, Inc., a hauling company specializing in transporting heavy equipment. On January 11, 2003, following the completion of a long haul route from Virginia to Texas, Petitioner suffered a heart attack. Petitioner filed a claim for workers' compensation benefits and alleged that the heart attack was proximately caused by unusual and extraordinary duties during this haul.

At the hearing, Petitioner testified that on Wednesday, January 8, 2003, Kelly Company sent him to pick up a large piece of equipment in Virginia and transport it to Texas by Friday, January 10, 2003. Because the equipment had not been loaded, Petitioner departed seven hours past schedule, leaving him only two hours of travel time on Wednesday.[1] Additionally, Petitioner testified that the required permits were not ready for him when he left Virginia and he therefore had to drive without the permits until he could pick up copies at a truck stop. On Thursday, Petitioner drove from North Carolina to Alabama, and on Friday he drove from Alabama to Louisiana. Petitioner informed a dispatcher that he would not be able to deliver the equipment to Texas by the Friday deadline, but the dispatcher informed Petitioner that the deadline was extended to 12:00 p.m. Saturday. When Petitioner arrived in Texas on Saturday morning, he was unable to take the exit that his permit required him to take because the exit was under construction. As a result, he had to deviate from his route through downtown Houston. Petitioner made the delivery at 11:57.

Petitioner testified that he began experiencing symptoms associated with a heart attack during the haul and on Saturday night. He further testified that the haul was extremely stressful because he was forced to leave Virginia and travel without the required permits and to drive illegally through downtown Houston without a special permit or police escort.

The single commissioner found that Petitioner's heart attack was precipitated by unusual and extraordinary conditions of his employment on the trip. The full commission reversed and found that Petitioner was performing his job duties as a long haul driver in the ordinary and usual manner. The circuit court reversed the full commission's decision and reinstated the award of benefits. The court of appeals reversed the circuit court and held that that substantial evidence in the record supported the full commission's decision denying benefits.

We granted Petitioner's request for a writ of certiorari to review the court of appeals' decision, and Petitioner presents the following issue for review:

---

1. Petitioner testified that drivers are only allowed to transport heavy equipment during daylight hours.

Did the court of appeals err in finding substantial evidence in the record exists to support the full commission's·findings?

## STANDARD OF REVIEW

In workers' compensation cases, the full commission is the ultimate fact finder. *Shealy v. Aiken County,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). This Court must affirm the findings of fact made by the full commission if they are supported by substantial evidence. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981). Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Tiller v. Nat'l Health Care Ctr.,* 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999).

## LAW/ANALYSIS

Petitioner argues that the court of appeals erred in holding that substantial evidence in the record exists to support the full commission's findings. We disagree.

A claimant may recover workers' compensation benefits if he sustains an "injury by accident arising out of and in the course of the employment." S.C.Code Ann. § 42–1–160 (2006). The general rule is that a heart attack is compensable as a worker's compensation accident if it is induced by unexpected strain or overexertion in the performance of the duties of a claimant's employment or by unusual and extraordinary conditions of employment. *Hoxit v. Michelin Tire Corp.,* 304 S.C. 461, 464, 405 S.E.2d 407, 409 (1991).

In our view, the court of appeals correctly held that substantial evidence in the record supported the full commission's finding that Petitioner was not performing his job duties under unusual or extraordinary conditions of his employment. Although Petitioner testified that the haul was extremely stressful, Petitioner's boss and co-worker testified that the Kelly Company did not impose deadlines and that it was not unusual for employees to deviate from their routes due to construction. Petitioner admitted that he had left without permits on prior deliveries and that when this would happen, he would pick up a faxed copy of the permits at the nearest truck stop. Furthermore, evidence in the record showed that

Petitioner smoked cigarettes, had abused alcohol, suffered from high blood pressure, and had a family history of heart disease.

Although the record contains conflicting evidence, this Court is not in a position to weigh the evidence presented in workers' compensation hearing. *See Shealy,* 341 S.C. at 455, 535 S.E.2d at 442 (holding that the final determination of witness credibility and the weight to be accorded evidence is reserved to the full commission, and it is not the task of an appellate court to weigh the evidence as found by the full commission). Accordingly, we hold that substantial evidence in the record supports the full commission's finding that Petitioner's heart attack was not induced by unexpected strain or overexertion in the performance of the duties of his employment or by unusual and extraordinary conditions of employment.

## CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision denying benefits.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.