THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Clifton Sparks, Appellant,
 
 
 
 
 

v.

 
 
 
 Palmetto
 Hardwood, Inc., and Palmetto Timber S.I. Fund c/o Walker, Hunter &
 Associates, Respondents.
 
 
 
 

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2010-UP-525
 Submitted December 1, 2010  Filed
December 13, 2010    

AFFIRMED

 
 
 
 Edward L. Graham, of Florence, for
 Appellant.
 Weston Adams, III, Helen F. Hiser, and M.
 McMullen Taylor; all of Columbia, for Respondents.
 
 
 

PER CURIAM:  This workers' compensation appeal arises
 out of Appellant Clifton Sparks' injuries to his head and other body parts.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  As to Issue 1,
 we find only the ruling of the Workers' Compensation Commission (the
 Commission) that Sparks is totally and permanently disabled pursuant to section
 42-9-30 of the South Carolina Code (Supp. 2000) is the law of the case.  See ML-Lee Acquisition Fund, LP v. Deloitte & Touche, 327 S.C. 238, 241,
 489 S.E.2d 470, 472 (1997) (noting an unappealed ruling is the law of the
 case); as to the remaining issues on appeal, we find substantial evidence in
 the record to support the Commission's decision.  See S.C. Code Ann. §
 42-9-10 (Supp. 2000) ("[A]ny person determined to be totally and
 permanently disabled who as a result of a compensable injury . . . has suffered
 physical brain damage . . . shall receive the benefits for life."); Jordan
 v. Kelly Co., 381 S.C. 483, 486, 674 S.E.2d 166, 169 (2009) (finding that the
 final determination of witness credibility and resolution of conflicts in the
 evidence are reserved solely to the Commission); Therrell v. Jerry's Inc.,
 370 S.C. 22, 30, 633 S.E.2d 893, 897 (2006) ("[T]he burden is on the
 claimant to prove that an injury is compensable within the act."); Lark
 v. Bi-Lo, Inc., 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981) (holding that
 an appellate court will not overturn a finding by an administrative agency
 unless it is unsupported by substantial evidence).
AFFIRMED.
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.