THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Goldie Woodie,
 Employee, Appellant,
 
 
 

v.

 
 
 
 Hamrick Mills,
 Inc., Employer, and Gallagher Bassett Services, Inc., Carrier, Respondents.
 
 
 

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2012-UP-027
 Heard January 12, 2012  Filed January 25,
2012    

AFFIRMED

 
 
 
 John S. Nichols and Blake A. Hewitt, both
 of Columbia; and S. Belinda Ellison, of Lexington, for Appellant.
 Bradford B. Easterling, of Greenville, for
 Respondents.
 
 
 

PER CURIAM:  This
 appeal arises out of the denial of Appellant Goldie Woodie's claim for benefits
 by the Workers' Compensation Commission (the Commission).  The circuit court
 affirmed the denial by the Commission.  On appeal, Woodie claims the circuit
 court erred in:  (1) finding the hernia statute precludes benefits for a hernia
 aggravated by a work-related injury and (2) making a gratuitous finding that
 even if the rules of statutory construction require a distinction between
 "hernia" and "rupture," the facts do not support such a
 distinction.  We affirm.
1. As to Woodie's argument that the
 court erred in finding section 42-9-40 (1985) prevents recovery, we find no
 error of law and substantial evidence in the record on appeal to support the
 finding of the Commission that Woodie failed to carry his burden of proving he
 suffered a compensable hernia.  See S.C. Code Ann. § 42-9-40(5)
 ("In all claims for compensation from hernia or rupture, resulting
 from injury by accident arising out of and in the course of the employee's employment,
 it must be definitely proved to the satisfaction of the Commission . . . [t]hat
 the hernia or rupture did not exist prior to the accident for which
 compensation is claimed.") (emphasis added); Jordan v. Kelly Co.,
 381 S.C. 483, 487, 674 S.E.2d 166, 169 (2009) ("Although the record
 contains conflicting evidence, this Court is not in a position to weigh the
 evidence presented in [a] workers' compensation hearing."); ESA Servs.,
 LLC v. S.C. Dep't of Revenue, 392 S.C. 11, 24, 707 S.E.2d 431, 438 (Ct.
 App. 2011) (holding a reviewing court may reverse or modify decisions that are
 controlled by error of law or are clearly erroneous in view of the substantial
 evidence on the record as a whole).  To the extent Woodie argues the only
 evidence in the record is that he did not have a rupture prior to the workplace
 accident, we find this argument unpreserved for appellate review.  See Bazen v. Badger R. Bazen Co., 388 S.C. 58, 65, 693 S.E.2d 436, 440 (Ct. App. 2010)
 (noting only issues raised to and ruled upon by the Commission are cognizable
 on appeal); Pye v. Estate of Fox, 369 S.C. 555, 564, 633 S.E.2d
 505, 510 (2006) ("It is well settled that an issue cannot be raised for
 the first time on appeal, but must have been raised to and ruled upon by the
 trial court to be preserved."); Dixon v. Dixon, 362 S.C. 388, 399,
 608 S.E.2d 849, 854 (2005) (holding an issue raised for the first time in a
 Rule 59, SCRCP motion is not preserved for review).
2. As to Woodie's argument that the
 circuit court erred in noting the facts of this case do not support a
 distinction between the statutory terms "hernia" and
 "rupture," we find this issue unpreserved for review.  See Dixon,
 362 S.C. at 399, 608 S.E.2d at 854 (finding an issue raised for the first time
 in a Rule 59, SCRCP motion is not preserved for review).  This distinction was
 never developed in the record before the Commission, nor did the Commission
 ever address the distinction.  See Bazen, 388 S.C. at 65, 693
 S.E.2d at 440 (Ct. App. 2010) (noting only issues raised to and ruled upon by
 the Commission are cognizable on appeal).
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.