**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Second Injury Fund, Appellant,

v.

American Home Assurance Co., Respondent.

(In Re: John Stroud v. John F. Stroud & Sons, Inc.)

Appellate Case No. 2012-213511

———————

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-227
Heard March 6, 2014 – Filed June 18, 2014

———————

**AFFIRMED**

———————

Latonya Dilligard Edwards, of Dilligard Edwards, LLC,
of Columbia, for Appellant.

Jared Matthew Pretulak and Robert Charles Rogers, both
of Gallivan, White & Boyd, PA, of Greenville, for
Respondent.

———————

**PER CURIAM:** In this workers' compensation matter, South Carolina Second Injury Fund (the Fund) appeals the decision of the circuit court affirming the order

of South Carolina Workers' Compensation Commission (the Commission) granting American Home Assurance Co. (Carrier) reimbursement pursuant to section 42-9-400 of the South Carolina Code.  The Fund argues (1) claimant's diabetes was not serious enough to constitute a hindrance or obstacle to employment or reemployment, nor did it result in a combination with or aggravation by claimant's subsequent work-related injury; (2) the Commission erred in finding Carrier is entitled to reimbursement for claimant's permanent and total disability because claimant's preexisting conditions did not contribute to claimant's disability; (3) the Commission erred in finding the Fund conceded knowledge of claimant's alleged traumatic brain injury/brain damage and that claimant's prior concussion rose to the level of brain damage; and (4) if claimant's concussion constituted a permanent condition, it was not serious enough to constitute a hindrance or obstacle to employment, nor did it result in a combination with or aggravation by claimant's subsequent work-related injury.  Based on the substantial evidence of record, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether claimant's preexisting diabetes constituted a hindrance or obstacle to employment or reemployment, and whether it resulted in a combination with or aggravation by claimant's work injury: *Trotter v. Trane Coil Facility*, 393 S.C. 637, 644, 714 S.E.2d 289, 293 (2011) ("The Administrative Procedures Act (APA) establishes the standard for judicial review of workers' compensation decisions."); *id.* (noting, under the APA, the appellate court can reverse or modify the decision of the Appellate Panel if the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Barton v. Higgs*, 381 S.C. 367, 369-70, 674 S.E.2d 145, 146 (2009) ("When reviewing an appeal from the workers' compensation commission, the appellate court may not weigh the evidence or substitute its judgment for that of the [Appellate Panel] as to the weight of evidence on questions of fact."); *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (holding, in workers' compensation cases, the Appellate Panel is the ultimate finder of fact and the appellate court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence); *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct. App. 2004) ("The final determination of witness credibility and the weight to be accorded evidence [in workers' compensation cases] is reserved to the Appellate Panel.").

2. As to whether the Commission erred in finding that Carrier is entitled to reimbursement for claimant's permanent and total disability based on the Fund's argument that claimant's preexisting conditions did not contribute to claimant's

disability: *Jordan*, 381 S.C. at 486, 674 S.E.2d at 168 (holding, in workers' compensation cases, the Appellate Panel is the ultimate finder of fact and the appellate court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence); *City of Greenville v. S.C. Second Injury Fund*, 339 S.C. 141, 146-47, 528 S.E.2d 91, 93-94 (Ct. App. 2000) (finding the refusal of City's request for compensation from the Fund was proper when (1) the employee was found to be totally disabled by the accident alone, such that the employer could not incur greater liability for compensation due to a preexisting condition, and (2) the employer did not incur a greater increase in liability for medical payments due to a preexisting condition, as there was no substantial increase in medical expenses from the preexisting condition).

3. As to the remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).[1]

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**

---

[1] The Fund conceded in oral argument that if this court found substantial evidence to support the Commission's finding that claimant's preexisting diabetes satisfied the requirements of section 42-9-400 for reimbursement, we need not reach the issues regarding the preexisting brain injury.