**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Second Injury Fund, Appellant,

v.

Specialty Risk Services, Respondent.

Appellate Case No. 2013-001892

───────────

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

───────────

Unpublished Opinion No. 2015-UP-366
Heard June 2, 2015 – Filed July 22, 2015

───────────

**AFFIRMED**

───────────

Latonya Dilligard Edwards, of Dilligard Edwards, LLC,
of Columbia, for Appellant.

Vernon F. Dunbar, of McAngus Goudelock & Courie,
LLC, of Greenville, for Respondent.

───────────

**PER CURIAM:** The South Carolina Second Injury Fund (the Fund) appeals an order of the South Carolina Workers' Compensation Commission (the Commission), awarding reimbursement to Specialty Risk Services. The Fund argues the circuit court erred in affirming the Commission's finding (1) a change of

condition implicating reimbursement; and (2) the claimant's preexisting hyperthyroidism and Raynaud's Syndrome were permanent and serious enough to constitute a hindrance or obstacle to the claimant's employment.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1:     As to the Fund's argument regarding a change of condition:  Section 42-9-400(a) (2015) (providing "[i]f an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from" a compensable injury, and meets the remainder of the statutory requirement, the employer or carrier shall be reimbursed from the Fund); *Dunton v. S.C. Bd. of Exam'rs In Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987) ("The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons.").

2.     As to the Fund's argument regarding whether the claimant's preexisting conditions were permanent and serious enough to constitute a hindrance or obstacle to employment:  *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (holding, in workers' compensation cases, the Commission is the ultimate finder of fact and the appellate court must affirm the findings of fact made by the Commission if they are supported by substantial evidence); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 295, 599 S.E.2d 604, 614 (Ct. App. 2004) (stating where there is a conflict in the evidence in a workers' compensation action, the Commission's findings of fact may not be set aside).

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We combine the Fund's second and third issues on appeal.