**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alvin L. Menie, Appellant,

v.

State Accident Fund, Respondent.

Appellate Case No. 2016-001031

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-428
Submitted October 1, 2018 – Filed November 21, 2018

———————

**AFFIRMED**

———————

Preston F. McDaniel, of McDaniel Law Firm, of
Columbia, for Appellant.

Andrew Elliott Haselden, of Howser Newman & Besley,
LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** In this workers' compensation case, Alvin L. Menie appeals the order of the circuit court affirming the order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel), arguing (1) the Appellate Panel erred by finding his heart condition was not compensable because it was due to the unusual and extraordinary conditions of his employment, (2) the Appellate Panel

erred by relying on the irrelevant testimony of Kirk Adair and Gerald Murphy, (3) the single commissioner erred by making a general finding that the conditions of his employment were common, and (4) the circuit court erred by relying on the report of Dr. Michael Zile because it was based on hearsay. We affirm.

First, we agree with the circuit court's finding that substantial evidence supports the Appellate Panel's decision regarding the compensability of Menie's injury. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 610–11 (Ct. App. 2004) (explaining this court's standard of review is limited to deciding whether the decision is unsupported by substantial evidence or is controlled by an error of law). We find Menie did not meet his burden of proving his work conditions were unusual and extraordinary. *See Watt v. Piedmont Auto.*, 384 S.C. 203, 208, 681 S.E.2d 615, 618 (Ct. App. 2009) ("The general rule is that a heart attack is compensable as a worker[s'] compensation accident if it is induced by unexpected strain or overexertion in the performance of the duties of a claimant's employment or by unusual and extraordinary conditions of employment." (quoting *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009))). Although Menie testified his work load tripled during January to March 2003, he also testified he would not be reprimanded if he did not complete the audits and his stress was self-imposed. While Holman testified it would be "extremely unusual" for one auditor to handle all 600 accounts, she also testified they could handle the accounts for a short period of time. Murphy testified Menie only worked an average of sixteen minutes more per day in 2003 compared to 2002. Although Menie testified he dealt with a lot of angry policyholders in January due to the rate increase, Murphy testified over half of the policyholders paid their new premiums by January 10, 2003. The single commissioner and the Appellate Panel found Murphy to be a credible witness. *See Ross v. Am. Red Cross*, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel].").

Furthermore, there was conflicting medical evidence in the record as to whether any unusual and extraordinary working conditions caused Menie's atrial fibrillation. *See Jordan*, 381 S.C. at 487, 674 S.E.2d at 169 (explaining when "the record contains conflicting evidence, this [c]ourt is not in a position to weigh the evidence presented in a workers' compensation hearing"). Dr. Hendricks opined the stress of Menie's job caused his heart condition. However, as the circuit court noted, Dr. Hendricks's opinion was based on facts as presented by Menie in the questionnaire. In contrast, Dr. Zile opined "pre-existing and underlying cardiovascular disease processes" caused Menie's atrial fibrillation. Moreover, because there was substantial evidence to support the circuit court's order, the

circuit court did not err in stating that labor turnover, coworker illness, and computer problems were common to other types of employment. The circuit court relied on the evidence in the record to support its conclusion; therefore, we disagree with Menie's argument that the circuit court was biased against his argument. Accordingly, the circuit court did not err in affirming the Appellate Panel's order. *See Watt*, 384 S.C. at 209–11, 681 S.E.2d at 618–20 (finding substantial evidence supported the Appellate Panel's finding that a claimant's heart condition was not compensable where there was conflicting evidence in the record).

Second, we disagree with Menie's argument that the Appellate Panel and circuit court erred in relying on the testimony of Adair and Murphy. Menie filed a motion for reconsideration regarding the admission of Adair's testimony and the circuit court granted his motion. The circuit court issued a new order finding the Appellate Panel erred in admitting the testimony but the error was harmless because there was substantial evidence, without Adair's testimony, to support the Appellate Panel's order. We agree that substantial evidence supports the Appellate Panel's findings regardless of Adair's testimony. As to Murphy's testimony, we find this argument is not preserved. Menie's only objections to Murphy's testimony at the hearing were based on Murphy speculating as to why Menie received a raise and what effect the rate increase would have on Menie's job. Menie did not argue that Murphy's testimony should be excluded because it was irrelevant to the time period at issue in the case. Because this issue was never raised to the single commissioner, we find it is not preserved. *See Stone v. Roadway Express*, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006) ("Only issues raised and ruled upon by the [Workers' Compensation C]ommission are cognizable on appeal.").

Finally, we find Menie's argument that the circuit court erred in relying on Dr. Zile's medical report because it was inadmissible hearsay is also unpreserved. *See Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 517, 466 S.E.2d 357, 358 (1996) ("Arguments not raised to the [Appellate Panel] or to the circuit court are not preserved for appeal."). At the hearing before the single commissioner, Menie objected to an article attached to Dr. Zile's report because it was hearsay. He then asked the commissioner to consider the fact that the doctor never saw Menie, but he did not raise this argument as a reason to exclude the report. Moreover, the circuit court relied on Dr. Zile's report in the initial order to support its finding that substantial evidence supported the Appellate Panel's order. Although Menie filed a motion to reconsider, he did not raise his argument regarding Dr. Zile's report. Thus, this argument is not preserved.

Accordingly, the order of the circuit court is

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.