**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carl E. Lucas, Employee, Respondent,

v.

RNDC of South Carolina, Employer, and Hartford Indemnity, Carrier, Appellants.

Appellate Case No. 2018-001553

Appeal From The South Carolina Workers'
Compensation Commission

Unpublished Opinion No. 2021-UP-333
Submitted March 1, 2021 – Filed September 22, 2021

**AFFIRMED**

Kay Gaffney Crowe, of Barnes Alford Stork & Johnson,
LLP, of Columbia, for Appellants.

Thomas Pinckney Bellinger and Elizabeth McMahon
Pentz, both of McWhirter Bellinger & Associates, PA, of
Lexington, for Respondent.

**PER CURIAM:** Appellants, RNDC of South Carolina and Hartford Indemnity, appeal the order of the Appellate Panel of the Workers' Compensation Commission awarding Carl E. Lucas certain workers' compensation benefits. Appellants

contend the Appellate Panel erred in (1) failing to make a specific finding of fact of the date when Lucas reached maximum medical improvement (MMI) and then in determining his degree of disability at the time of his MMI; (2) affirming the finding of the single commissioner that Lucas was totally and permanently disabled and in ordering benefits paid in a lump sum; and (3) finding that the carrier bore the expense of the treatment by one of Lucas's doctors, Dr. Jacocks, and that Lucas's syncope was causally related to the back strain he suffered. We affirm pursuant to Rule 220(b)(2), SCACR and the following authorities:

1.      The issue of whether the Appellate Panel erred in failing to make a specific finding of fact of the date when Lucas reached MMI and then in determining his degree of disability at the time of his MMI is not preserved for our review. *See Bazen v. Badger R. Bazen Co.*, 388 S.C. 58, 65, 693 S.E.2d 436, 440 (Ct. App. 2010) (finding an issue raised on appeal in a workers' compensation case was not preserved because the appellants failed to raise the issue to the Appellate Panel after the single commissioner's ruling); *Hilton v. Flakeboard Am. Ltd.*, 418 S.C. 245, 249, 791 S.E.2d 719, 721 (2016) ("Only issues raised to the [Appellate Panel] within the application for review of the single commissioner's order are preserved for review.").

2.      We find substantial evidence, including unrefuted medical and vocational evidence, supports the Appellate Panel's finding that Lucas is permanently and totally disabled. *See Trotter v. Trane Coil Facility*, 393 S.C. 637, 644, 714 S.E.2d 289, 293 (2011) ("The Administrative Procedures Act (APA) establishes the standard for judicial review of workers' compensation decisions."); *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (providing the appellate court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence); *Burnette v. City of Greenville*, 401 S.C. 417, 429, 737 S.E.2d 200, 206-07 (Ct. App. 2012) ("[T]he determination of an injured employee's impairment rating is more art than science, involving the consideration of evidence the Commission may gather from the injured employee, medical and vocational experts, and lay witnesses. . . ."); *Dent v. E. Richland Cnty. Pub. Serv. Dist.*, 423 S.C. 193, 201, 813 S.E.2d 886, 890 (Ct. App. 2018) (holding the policy behind allowing a claimant—whose injury falls under the scheduled member section—to proceed under statutes providing general disability is that it allows a claimant whose injury additionally affects other parts of the body the opportunity to establish a disability greater than the presumptive disability provided for under the scheduled member section); *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 105, 580 S.E.2d 100, 102 (2003) ("[A] claimant may establish total disability under § 42-9-10 by showing an injury . . . caused sufficient loss of earning capacity to render

him totally disabled."); *id.* at 108-09, 580 S.E.2d at 104 ("South Carolina recognizes that a claimant may be totally disabled even though he is not altogether incapacitated if such an injury prevents him from obtaining regular employment in the labor market."). Further, in spite of their stated issue on appeal referencing error in the award of a lump sum payment, Appellants make no argument at all concerning the propriety of the lump sum award. Accordingly, this portion of their stated issue on appeal is abandoned. *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

3.      We find substantial evidence from Dr. Jacocks supports the Appellate Panel's finding that Lucas's syncope was casually related to his work injury. *See Jordan*, 381 S.C. at 486, 674 S.E.2d at 168 (providing the appellate court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."). As to Appellants' assertion that the Appellate Panel erred in finding the carrier was responsible for Lucas's medical treatment from Dr. Jacocks because it did not tend to lessen the degree of his disability or impairment, we question whether this argument is preserved for our review. The only stated ground of appeal raised to the Appellate Panel concerning the medical care of Dr. Jacocks was that his treatment of Lucas "was not related to this injury and was not authorized." Though such properly embraces Appellants' argument on appeal that the syncope was not causally related to the injury, an assertion that Dr. Jacocks's medical care "was not authorized" is too vague to encompass Appellants' argument on appeal that payment for Dr. Jacocks's treatment was improper because it did not tend to lessen the degree of Claimant's disability or impairment. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *Bazen*, 388 S.C. at 65, 693 S.E.2d at 440 ("Only issues raised [to] and ruled upon by the [Appellate Panel] are cognizable on appeal." (second alteration in original) (quoting *Smith v. NCCI, Inc.*, 369 S.C. 236, 256, 631 S.E.2d 268, 279 (Ct. App. 2006))); *id.* ("[O]nly issues within the application for review are preserved for the [Appellate Panel]." (first alteration in original) (quoting *Creech v. Ducane Co.*, 320 S.C. 559, 564, 467 S.E.2d 114, 117 (Ct. App. 1995))). Nonetheless, even assuming this argument is properly preserved, we would still affirm. *See* S.C. Code Ann. § 42-15-60(C)

(2015) ("In cases in which *total and permanent disability* results, reasonable and necessary nursing services, medicines, prosthetic devices, sick travel, medical, hospital, and other treatment or care shall be paid during the life of the injured employee, *without regard to any limitation in this title* including the maximum compensation limit." (emphases added)); *Dodge v. Bruccoli, Clark, Layman, Inc.*, 334 S.C. 574, 581, 514 S.E.2d 593, 596 (Ct. App. 1999) ("[T]he fact a claimant has reached [MMI] does not preclude a finding the claimant still may require additional medical care or treatment.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.