**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cassandra D. Stallings, Employee, Respondent,

v.

Hubbell Power Systems, Employer, and Liberty Mutual Insurance Co., Carrier, Appellants.

Appellate Case No. 2021-000965

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2023-UP-102
Submitted February 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Clarke Wardlaw McCants, IV, and Clarke W. McCants, III, both of Nance & McCants, of Aiken, for Appellants.

Everett Keith Chandler, of Chandler Law Firm, of Aiken; and Andrea Culler Roche, of Williams & Roche, LLC, of Columbia, both for Respondent.

———————

**PER CURIAM:**  Hubbell Power Systems and Liberty Mutual Insurance Company (collectively, Employer) appeal the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) finding Cassandra D. Stallings was entitled to compensation and benefits for a repetitive

trauma injury. On appeal, Employer argues the Appellate Panel failed to make the specific findings of fact of causation, as required by section 42-1-172 of the South Carolina Code (2015) for a compensable repetitive trauma injury, and the Appellate Panel's finding of compensability was not supported by substantial evidence. We affirm.

We hold the Appellate Panel made the required findings of fact to satisfy section 42-1-172(B) in determining Stallings sustained a compensable repetitive trauma injury. *See Brooks v. Benore Logistics Sys., Inc.*, 437 S.C. 376, 381, 879 S.E.2d 1, 3 (Ct. App. 2022) ("Section 42-1-172 . . . is the exclusive method for determining the compensability of repetitive trauma injuries."), *cert. granted* (S.C. Sup. Ct. Order dated Sept. 8, 2022); § 42-1-172(B) ("An injury is not considered a compensable repetitive trauma injury unless a commissioner makes a specific finding of fact by a preponderance of the evidence of a causal connection that is established by medical evidence between the repetitive activities that occurred while the employee was engaged in the regular duties of his employment and the injury."). We further hold the Appellate Panel's finding of a compensable repetitive trauma injury was supported by substantial evidence. *See Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (stating the appellate court "must affirm the findings of fact made by the [Appellate Panel] if they are supported by substantial evidence"); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *id.* ("The Appellate Panel is the ultimate fact finder in [w]orkers' [c]ompensation cases and is not bound by the [s]ingle [c]ommissioner's findings of fact."); § 42-1-172(A) ("'Repetitive trauma injury'" means an injury which is gradual in onset and caused by the cumulative effects of repetitive traumatic events.");§ 42-1-172(C) ("As used in this section, 'medical evidence' means expert opinion or testimony stated to a reasonable degree of medical certainty, documents, records, or other material that is offered by a licensed and qualified medical physician."); § 42-1-172(D) ("A 'repetitive trauma injury' is considered to arise out of employment only if it is established by medical evidence that there is a direct causal relationship between the condition under which the work is performed and the injury."). Stallings presented her medical records, which showed she reported injuries to her hands and wrists from pushing and pulling machines as part of her regular duties at work. Stallings's orthopedic surgeon affirmed "[t]o a reasonable degree of medical certainty, [b]ilateral [c]arpal [t]unnel [s]yndrome is caused by a repetitive trauma from a work[-]related injury" and "[t]o a reasonable degree of

medical certainty, . . . the left and right wrist are work-related injur[ies]."  He elaborated that Stallings had a left carpal tunnel release and currently had right carpal tunnel syndrome.  Thus, we hold substantial evidence supported the Appellate Panel's finding that Stallings presented medical evidence satisfying the requirements of section 42-1-172.

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.