# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Stephen C. Whigham, Petitioner,

v.

Jackson Dawson Communications, Employer, and The Hartford, Carrier, Respondents.

Appellate Case No. 2012-212258

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Workers' Compensation Commission

---

Opinion No. 27440
Heard May 8, 2014 – Filed August 27, 2014

---

## REVERSED AND REMANDED

---

Douglas A. Churdar, of Greenville, for Petitioner.

Benjamin M. Renfrow and Wesley J. Shull, both of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

---

**JUSTICE HEARN:** Stephen Whigham was injured playing kickball during an event he organized for his employer, Jackson Dawson Communications and filed a claim for workers' compensation. The single commissioner denied the claim because she found the injury did not arise out of or in the course of his

employment, and that decision was affirmed by the full commission and the court of appeals. We reverse and remand, holding that under the facts of this case, Whigham is entitled to workers' compensation because he was impliedly required to attend the kickball game he organized, and therefore, his injury arose out of and in the course of his employment.

## FACTUAL/PROCEDURAL HISTORY

Whigham was employed as the Director of Creative Solutions at Jackson Dawson, a marketing, advertising, and public relations company. As part of his employment, Whigham attended bi-monthly meetings wherein the managers discussed, among other things, the importance of team-building events. In accordance with the company's desire to cultivate an enjoyable work atmosphere, Whigham conceived the idea of having a company kickball game. He proposed the idea to his superior, Kevin Johnson, who instructed him to move forward with it. Whigham proceeded to contact a rental facility and designed T-shirts for the event. Johnson authorized Whigham to spend $440 of company funds for the rental, the T-shirts, drinks, and snacks.

Once the event was organized, Whigham used the company intranet to promote it and encourage attendance. The game took place on a Friday afternoon at 3:00 with roughly half of Jackson Dawson's employees in attendance. Whigham was injured on the last play when he jumped to avoid being thrown out by the opposing team. He landed awkwardly on his right leg, shattering his tibia and fibula. He was taken away in an ambulance and eventually underwent two surgeries. His doctor later informed him he would need a knee replacement in the near future.

The single commissioner denied compensability on the grounds that the injury did not arise out of or in the course of Whigham's employment. Specifically, she found he was neither required to attend the event, nor was there any benefit beyond general employee morale to the company. The full commission affirmed, essentially adopting the single commissioner's order. The court of appeals affirmed in a memorandum opinion, citing cases involving the substantial evidence standard. *Whigham v. Jackson Dawson Commc'ns*, Op. No. 2012-UP-223 (S.C. Ct. App. filed April 11, 2012). This Court granted certiorari to review the opinion of the court of appeals.

## ISSUE PRESENTED

Did the court of appeals err in affirming the denial of workers' compensation because the injury did not arise out of and in the course of Whigham's employment?

## STANDARD OF REVIEW

Pursuant to the Administrative Procedures Act, this Court can reverse or modify a decision of the full commission only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is not supported by substantial evidence in the record. *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 502–03 (2012). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached." *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).

## LAW/ANALYSIS

In determining whether a work-related injury is compensable, the Workers' Compensation Act is liberally construed toward providing coverage and any reasonable doubt as to the construction of the Act will be resolved in favor of coverage. *Shealy*, 341 S.C. at 455–56, 535 S.E.2d at 442. Pursuant to Section 42–1–160(A) of the South Carolina Code (Supp. 2013), for an injury to be compensable under the Act, it must "aris[e] out of and in the course of employment." An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury. *Crisp v. SouthCo., Inc.*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013). In general, whether an accident arises out of and is in the course and scope of employment is a question of fact for the full commission. *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004). However, "[w]here there are no disputed facts, the question of whether an accident is compensable is a question of law." *Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 872 (2007).

In finding a recreational or social activity is within the course of employment, this Court considers whether the activity falls within one of the following factors established by Professor Arthur Larson:

(1) [It occurs] on the premises during a lunch or recreation period as a

regular incident of the employment; or

(2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

(3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.

*Leopard v. Blackman-Uhler*, 318 S.C. 369, 370–71, 458 S.E.2d 41, 41 (1995) (citing 1A Arthur Larson & Lex K. Larson, *The Law of Workmen's Compensation* § 22.00 (1994) (currently at 2 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 22.01 (2013))).

Whigham contends the court of appeals erred in finding that his injury was noncompensable because it did not arise out of and in the course of his employment. Whigham argues his injury is compensable under both the second and third provisions of Larson's guidelines. We agree that Whigham was impliedly required to attend the kickball game he organized and that it became part of his services; therefore, the event was brought within the scope of his employment. Although the event may have been voluntary for company employees generally, the undisputed facts unequivocally indicate Whigham was expected to attend as part of his professional duties. Accordingly, we hold Whigham's injury arose out of his employment as a matter of law.[1]

The law is clear that when determining whether an employee is required to attend an event a directive is not necessary "if the employee is made to understand that he is to take part in the affair." Larson, *supra* § 22.04[2]. Here, both Whigham and his superior plainly considered his presence vital to his job of executing the event. When asked whether Whigham felt the event was voluntary *for him*, he responded: "I think it would have been a reflection of poor management if I decided not to show up." He further stated that "[o]n that particular day" he

---

[1] Because we find Whigham's injury arose out of and in the course of his employment as he was impliedly required to attend the game, we do not reach the question of whether the company derives a substantial direct benefit from the activity. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

considered attending the event to be part of his job.

Additionally, during his testimony, Johnson was asked whether he would have been upset if Whigham did not attended the game, and he responded that he "would have been surprised and shocked, because [Whigham] spent all the time planning the thing." When asked if he would have considered it irresponsible of Whigham not to show up, Johnson could barely entertain the suggestion, stating: "I don't know. I would have thought—he wouldn't do that. I'll just say that. He wouldn't do that. . . . It would have been just unexpected, unbelievable. I mean, you don't just plan something and then not show up for it."

We find both Johnson's and Whigham's testimony establish that Whigham's participation was expected rather than voluntary. This fact sets Whigham's participation apart from that of all the other employees. It is undisputed that Whigham felt compelled to go and his boss would have considered it a dereliction of duty to miss it. The only fair reading of Johnson's testimony is that he knew he did not have to expressly direct Whigham to attend the game because Whigham would already feel an obligation to be there.

Furthermore, although the respondents place much emphasis on the fact that this event was Whigham's idea, it is apparent that the company fully embraced the undertaking so as to make it part of his employment. Johnson testified these team-building events are considered desirable to the company as occasions to "promote fun within the business" and "break the stress." Jackson Dawson, as a brand builder itself, strived to be a "non-typical employer" by being a "fun place to work." A fun atmosphere is seen as a means to "retain good employees and keep people happy," which would produce better performing employees. When Whigham brought up the idea of the kickball game to Johnson, his response was "that is a crazy idea, but let's talk more about it." Johnson authorized Whigham to spend company funds on renting the facilities as well as purchasing snacks and T-shirts for the game. Johnson also was aware and supportive of the fact that Whigham used the company intranet to "start the hype machine" to promote the event and encouraged employees to attend even though it occurred during typical business hours. Moreover, Whigham's professional performance evaluations clearly reflect the kickball game was considered something important that he brought to the company. Whigham indicated on his self-evaluation that a cookout and the kickball game he planned "both had a very positive lifts to the working culture at Jackson Dawson." Johnson's evaluation of Whigham stated that Whigham was a "team player" and specifically noted he "has been instrumental in

bringing back a couple of fun events, a cookout and dare I say it, kickball."

Although it may not have been within Whigham's job description to produce any team-building events, it does not appear it was *anyone's* job to do so, but instead reflected the company's desire to place emphasis on developing a certain type of work atmosphere. A specific act need not be designated in an employee's job description to be compensable. *Grant*, 372 S.C. at 201, 641 S.E.2d at 871–72 ("An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interest, whether or not the employee's own assigned work is thereby furthered, is within the course of employment."). Whigham exercised initiative in responding to a need expressed by Jackson Dawson, and the company encouraged him in carrying out his plan. Organizing and attending the game thereby became part of his employment.

## CONCLUSION

Accordingly, we hold that under the facts of this case, Whigham is entitled to compensation as a matter of law. While we are mindful of our deferential standard of review, we find the undisputed facts indicate Whigham's injury arose out of and in the course of his employment. We therefore reverse the opinion of the court of appeals and remand for a hearing on disability and other benefits.

**TOAL, C.J., and Acting Justice James E. Moore, concur.
KITTREDGE, J., dissenting in a separate opinion in which PLEICONES, J., concurs.**

**JUSTICE KITTREDGE**:  I respectfully dissent.  While one view of the evidence supports the majority's finding that Petitioner (Whigham) was "impliedly required to attend the kickball game[,]" there is other evidence that supports the decision of the Workers' Compensation Commission (Commission).  Take for example the following testimony from Whigham:

> Q: Let me make sure we're clear on this.  There was no requirement to be there?
>
> A: There was actually—if you were not there, you were expected to be in the office working.
>
> . . .
>
> Q: Okay.  Was there any pressure on you or anybody that you know of that you'd better be playing kickball that day?
>
> A: No, there was not.  There was never an ultimatum given to anybody.
>
> Q: I mean, I've had friends who just don't like sports, and if we set up an event or have an event like that, they would choose not to go.  I mean, if you just chose to go play kickball, you didn't have to play, correct?
>
> A: No; that's right.
>
> Q: It was totally voluntary?
>
> A: Either that or working.
>
> Q: Okay.  But you would agree it was voluntary to go play kickball.
>
> A: Yes. It was not—it was not mandatory.

Because there is conflicting evidence whether Whigham was required to attend the kickball game, the substantial evidence standard of review compels us to affirm, just as the court of appeals did.  *See Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in

considering the record as a whole, would allow reasonable minds to reach the conclusion the Commission reached." (citing *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 159–60, 519 S.E.2d 102, 105 (1999))); *Barton v. Higgs*, 381 S.C. 367, 369–70, 674 S.E.2d 145, 146 (2009) ("When reviewing an appeal from the workers' compensation commission, the appellate court may not weigh the evidence or substitute its judgment for that of the full commission as to the weight of evidence on questions of fact." (citing *Therrell v. Jerry's Inc.*, 370 S.C. 22, 26, 633 S.E.2d 893, 894–95 (2006))).

I add two further comments.  First, even were I to accept the majority's version of the facts, Whigham's claim for benefits would fail in any event.  The majority conflates attending the event with participation in the kickball game.  More to the point, it was Whigham's supervisory role in organizing the event that the majority points to in finding he was "impliedly required to *attend* the kickball game." (emphasis added).  Attending the event and participating in the kickball game are entirely different things.

This leads to my second comment.  I am concerned with an analytical framework in the workers' compensation recreational or social activity arena that favors supervisors over other employees.  The majority notes that its "within the scope of employment" finding is limited to Whigham because he organized the event.  Indeed, the majority observes that other employees would likely not be covered, for "the event may have been voluntary for company employees generally[,]" and Whigham's organizational role "sets Whigham's participation apart from that of all other employees."  In terms of *participation* in the kickball game, I can find no basis for favoring Whigham over all other employees.

I would affirm the court of appeals.

**PLEICONES, J., concurs.**