Justice PLEICONES.
I concur in the decision to reverse the Court of Appeals because, in my opinion, the Commission’s finding that petitioner suffered a compensable injury when her foot caught on the carpet was supported by substantial evidence and therefore should have been upheld. Whigham v. Jackson Dawson Commc’ns, 410 S.C. 131, 763 S.E.2d 420 (2014). I write separately because I disagree with much of the majority’s exposition of law.
The majority commits two errors, in my opinion. First, it misapplies the “arising out of’ requirement for compensability *391 by equating it to the “in the course of’ requirement. See e.g. Owings v. Anderson County Sheriff’s Dep’t, 315 S.C. 297, 433 S.E.2d 869 (1993) (“in the course of’ refers to the time, place, and circumstances under which the accident occurred, while “arising out of’ requires a causative connection between employment and the cause of the accident). Second, the majority absolves petitioner of her obligation to present evidence that her unexplained fall on a level surface was the result of special conditions or circumstances. Bagwell v. Ernest Burwell, Inc., 227 S.C. 444, 88 S.E.2d 611 (1955).
South Carolina is in the minority of jurisdictions that deny compensation for unexplained falls. Crosby v. Wal-Mart Store, Inc., 330 S.C. 489, 499 S.E.2d 253 (1998), citing 1 Arthur Larson & Lex K. Larson, Workers Compensation Law § 10.31(a) (1977). Accordingly, it is not enough that a claimant show that she fell while at work but rather, when the fall occurs on a level surface, that she present evidence to explain her fall. Id.; Bagwell, supra. In my opinion, there is evidence in this record to support the Commission’s finding that petitioner met her burden of proving her fall was compensable.
I concur in the decision to reverse the Court of Appeals’ decision.