796 S.E.2d 145

**Richard A. HARTZELL, Employee, Respondent,**

v.

**PALMETTO COLLISION, LLC, Employer, Appellant,**

and

**South Carolina Workers' Compensation Uninsured Employer's Fund, Respondent.**

**Appellate Case No. 2012-211870**
**Opinion No. 5457**

Court of Appeals of South Carolina.

Submitted September 1, 2016
Filed November 23, 2016
Rehearing Denied February 21, 2017

88

Kirsten Leslie Barr and Harold Eugene Trask, both of Trask & Howell, LLC, of Mt. Pleasant, and David Alan Westerlund, Jr., of Shelly Leeke Law Firm, LLC, of North Charleston, all for Appellant.

Kerry W. Koon, of Charleston, for Respondent Richard A. Hartzell.

Lisa C. Glover, of Columbia, for Respondent S.C. Uninsured Employers Fund.

WILLIAMS, J.:

This workers' compensation action comes before this court after our supreme court's decision in *Hartzell v. Palmetto Collision, LLC*, 415 S.C. 617, 785 S.E.2d 194 (2016), with instructions on remand to address Palmetto Collision, LLC's (Palmetto) remaining assignments of error. Palmetto argues the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) erred in (1) failing to provide a conclusion of law to satisfy section 42-1-160 of the South Carolina Code (2015), and vaguely finding Richard Hartzell sustained an injury to his back; and (2) awarding Hartzell medical treatment in contravention of subsection 42-15-60(A) of the South Carolina Code (2015). We affirm in part and reverse in part.

## FACTS/PROCEDURAL HISTORY

Hartzell, a fifty-year-old auto body paint technician, worked at Palmetto in early 2009. When cleaning Palmetto's shop on

or around February 25, 2009, Hartzell claimed he injured his back while moving tires, rims, and heavy frame equipment. Hartzell testified that he began experiencing lower back pain the afternoon after completing the work and felt very sore in his lower back the following day.

According to Hartzell, he notified Mike Stallings, Palmetto's owner, the day after the alleged injury that he was "pretty sore," and he "must have hurt [himself]." Hartzell testified that Stallings suggested he visit the emergency room if he was having trouble with his back; however, he did not seek medical treatment at that time. Soon thereafter, Palmetto no longer had work for Hartzell, and he left his employment on March 20, 2009. Hartzell noted that, although he and Stallings talked about his back injury during the last weeks of his employment, he never further discussed the injury or sought reimbursement for medical expenses from Palmetto. On April 1, 2009, Hartzell visited a chiropractor, Dr. H. Austin Murray, and reported a job-related lower back injury that occurred on February 25, 2009, on the intake health form.[1]

On May 10, 2010, Hartzell filed a Form 50, alleging a partial permanent injury to his back while moving an auto frame machine on approximately February 25, 2009. Palmetto denied the claim by raising several defenses. The single commissioner held a hearing on the matter and issued an order, in which she found (1) Palmetto was subject to the South Carolina Workers' Compensation Act[2] (the Act) because it regularly employed four or more employees; (2) Hartzell sustained an injury by accident to his back on or about February 25, 2009; and (3) Hartzell timely reported the injury to Stallings.

Based upon these findings, the single commissioner found Hartzell was entitled to "medical, surgical, and other authorized treatment" and ordered a medical evaluation to determine whether he (1) was at maximum medical improvement (MMI), and (2) required any additional medical treatment or benefits

---

1. In an April 2, 2009 narrative report, Dr. Murray wrote that Hartzell stated his back injury was not caused by a work accident. Dr. Murray, however, later wrote that Hartzell's symptoms did begin on February 25, 2009, the date of his alleged injury at Palmetto's shop.

2. S.C. Code Ann. §§ 42-1-10 through -19-50 (2015 & Supp. 2015).

under the Act resulting therefrom. On March 26, 2012, the Appellate Panel affirmed the single commissioner's decision.

Palmetto subsequently appealed to this court, arguing the Appellate Panel erred in (1) determining Palmetto regularly employed four or more employees, (2) finding Hartzell accidentally injured his back and failing to make any conclusion of law thereon, (3) concluding Hartzell timely reported the injury and failing to make any conclusion of law thereon, and (4) awarding Hartzell medical benefits for the injury.

In an opinion issued on October 9, 2013, this court reversed the award of benefits to Hartzell. *See Hartzell v. Palmetto Collision, LLC*, 406 S.C. 233, 249, 750 S.E.2d 97, 105 (Ct. App. 2013) (per curiam). As a preliminary matter, the court of appeals found Palmetto regularly employed enough employees to come under the jurisdiction of the Act. *Id.* at 245, 750 S.E.2d at 103. Nevertheless, the court held the Appellate Panel erred in finding that Hartzell provided timely notice of his injury within ninety days to Palmetto because such conclusion was not supported by substantial evidence in the record. *Id.* at 246–48, 750 S.E.2d at 103–05. Determining that its reversal on the notice issue was dispositive, the court declined to address Palmetto's remaining arguments. *Id.* at 248, 750 S.E.2d at 105.

Our supreme court granted Hartzell's petition for a writ of certiorari and reversed. *See Hartzell*, 415 S.C. at 623, 785 S.E.2d at 197. According to the supreme court, Hartzell's testimony in which he stated he told Stallings that he was "pretty sore" and that he "must have hurt [himself]" the previous day was substantial evidence supporting the Appellate Panel's finding that he timely reported his alleged injury. *Id.* The court then remanded the case to this court with instructions to consider Palmetto's remaining assignments of error. *Id.* at 624, 785 S.E.2d at 198.

**ISSUES ON APPEAL**

I. Did the Appellate Panel err in failing to provide a conclusion of law with respect to section 42-1-160 and vaguely finding Hartzell sustained an injury?

II. Did the Appellate Panel err in awarding Hartzell medical treatment in contravention of subsection 42-15-60(A)?

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act[3] (APA) governs the standard of judicial review in workers' compensation cases. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). Under the APA, this court's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by an error of law. *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 610–11 (Ct. App. 2004). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached." *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).

Normally, the proper interpretation of a statute is a question of law subject to de novo review. *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689 (2010). However, "[t]he construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Dunton v. S.C. Bd. of Exam'rs in Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987).

## LAW/ANALYSIS

### I. Hartzell's Injury

Palmetto first argues the Appellate Panel erred in failing to provide a conclusion of law with respect to section 42-1-160 and in vaguely finding Hartzell sustained an injury. We disagree.

■ To be compensable under the Act, an injury by accident must be one "arising out of and in the course of employment." S.C. Code Ann. § 42-1-160(A) (2015). "In general, whether an accident arises out of and is in the course and scope of employment is a question of fact for the [Appellate Panel]." *Whigham v. Jackson Dawson Commc'ns*, 410 S.C. 131, 135, 763 S.E.2d 420, 422 (2014). However, when no material facts are disputed, whether an accident is compensable is a question of law. *Id.*

---

**3.** S.C. Code Ann. §§ 1-23-310 through -400 (2005 & Supp. 2015).

In this case, the facts surrounding Hartzell's alleged back injury were clearly disputed by the parties. Therefore, we reject Palmetto's contention that the Appellate Panel erred in failing to include a conclusion of law with respect to subsection 42-1-160(A) because whether Hartzell's alleged injury is compensable was a question of fact. *See id.*; *see also Rhodes v. Guignard Brick Works*, 245 S.C. 304, 307, 140 S.E.2d 487, 488 (1965) (holding the commission's finding that deceased employee's heart attack did not arise from his employment within the meaning of workers' compensation law was a finding of fact, not a conclusion of law).

We also disagree with Palmetto's argument that the Appellate Panel's order violates the APA because its findings surrounding Hartzell's alleged injury were not sufficiently detailed to allow for meaningful review by this court. The APA requires that "[a] final decision ... include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." S.C. Code Ann. § 1-23-350 (2005). Moreover, the Appellate Panel's findings of fact must be sufficiently detailed to enable the appellate court to determine whether the evidence supports the findings and whether the law was properly applied to those findings. *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 531, 593 S.E.2d 491, 497 (Ct. App. 2004).

In a section addressing the evidence, the Appellate Panel recounted Hartzell's testimony, which it found "more credible on the issue of the fact, and reporting, of the injury." Hartzell testified that, to access his toolbox more easily, he cleaned up Palmetto's shop by moving tires, rims, and a heavy frame machine with steel posts and chains weighing approximately two to three hundred pounds. After he tilted the frame machine back on its wheels and moved it, Hartzell testified he began having pain in his lower back, which later became worse. The Appellate Panel stated in its findings of fact that, "[b]ased upon the medical records and testimony, ... [Hartzell] sustained an injury by accident *to his back on or about February 25, 2009, while moving a heavy frame machine while cleaning up [Palmetto's] shop*." (emphasis added). Thus, we find the order complies with the APA because it includes a clear and concise statement of the facts supporting the Appel-

late Panel's finding that Hartzell suffered an injury. *See* § 1-23-350.

■ Nonetheless, Palmetto also argues the record does not contain substantial evidence to support the Appellate Panel's finding that Hartzell suffered an injury. Palmetto specifically notes Hartzell never asked for medical treatment during his employment and that Dr. Murray's narrative report stated that his condition "was not caused by a work or automobile accident." However, upon our examination of Hartzell's testimony—which the Appellate Panel found to be more credible—along with his health intake form reporting a job-related injury and Dr. Murray's narrative report stating Hartzell's symptoms began on February 25, 2009, we find that substantial evidence exists supporting the Appellate Panel's finding that Hartzell injured his back by accident at Palmetto's shop. *See Shealy*, 341 S.C. at 455, 535 S.E.2d at 442.

Therefore, we affirm the Appellate Panel's finding that Hartzell suffered a compensable injury under the Act.

## II. Subsection 42-15-60(A)

Palmetto next contends the Appellate Panel erred in awarding medical benefits without expert medical evidence in contravention of subsection 42-15-60(A). We agree.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the [General Assembly]." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "The [General Assembly]'s intent should be ascertained primarily from the plain language of the statute." *Ex parte Cannon*, 385 S.C. 643, 655, 685 S.E.2d 814, 821 (Ct. App. 2009) (quoting *Georgia–Carolina Bail Bonds, Inc. v. Cty. of Aiken*, 354 S.C. 18, 23, 579 S.E.2d 334, 336 (Ct. App. 2003)). "Words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Sloan v. Hardee*, 371 S.C. 495, 499, 640 S.E.2d 457, 459 (2007). "If, however, the language of the statute gives rise to doubt or uncertainty as to legislative intent, the construing court looks to the statute's language as a whole in light of its manifest purpose." *Ex parte Cannon*, 385 S.C. at 655, 685 S.E.2d at 821. "The construing court may additionally look to

the legislative history when determining the legislative intent." *Id.*

Prior to 2007, section 42-15-60 provided the following regarding an employer's responsibility for medical expenses in workers' compensation cases:

Medical, surgical, hospital and other treatment, including medical and surgical supplies ... may reasonably be required, for a period not exceeding ten weeks from the date of an injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability.... In case of a controversy arising between employer and employee, the Commission may order such further medical, surgical, hospital or other treatment as may in the discretion of the Commission be necessary.

*Hall v. United Rentals, Inc.*, 371 S.C. 69, 81–82, 636 S.E.2d 876, 883 (Ct. App. 2006) (emphasis omitted) (quoting S.C. Code Ann. § 42-15-60 (Supp. 2005)). Thus, an employer's liability for medical expenses was capped at ten weeks after an injury, but the Act afforded the Appellate Panel great discretion in its ability to award benefits beyond this period when it determined treatment would tend to lessen the period of a claimant's disability. *See id.* at 82, 636 S.E.2d at 883; *see also Dykes v. Daniel Constr. Co.*, 262 S.C. 98, 109, 202 S.E.2d 646, 652 (1974) ("[T]here is no liability on the part of an employer to furnish medical treatment to an injured employee beyond ten weeks from the date of injury unless in the judgment of the Commission it 'will tend to lessen the period of disability.'" (quoting Code of Laws of S.C. § 72-305 (1962))).

In 2007, however, the General Assembly passed significant workers' compensation reform and amended section 42-15-60 to its current form. *See* Act No. 111, 2007 S.C. Acts 627–28. The statute now provides, in pertinent part, the following:

The employer shall provide medical, surgical, hospital, and other treatment, including medical and surgical supplies as reasonably may be required, for a period not exceeding ten weeks from the date of an injury, to effect a cure or give relief and for an additional time as in the judgment of the commission will tend to lessen the period of disability *as*

*evidenced by expert medical evidence stated to a reasonable degree of medical certainty.*

S.C. Code Ann. § 42-15-60(A) (2015) (emphasis added). Therefore, while retaining the employer's ten-week liability period, the General Assembly added a requirement for expert medical evidence to support an award of additional treatment and limited the Appellate Panel's broad discretion to order such treatment in a case or controversy between the employer and the employee. *See id.*

In its order, however, the Appellate Panel concluded "the requirement of expert medical evidence is not triggered unless the employer has complied with the Act by providing medical treatment for the initial ten (10) week period after the date of injury." The Appellate Panel also stated, and Hartzell argues on appeal, that to construe section 42-15-60 otherwise would impermissibly shift the burden of providing initial treatment and the medical evidence to the claimant.

 We find compelling reasons to reject the Appellate Panel's statutory interpretation. *See Dunton*, 291 S.C. at 223, 353 S.E.2d at 133 (holding the appellate court will not overrule an agency's statutory construction absent compelling reasons). First, the legislative history and a plain reading of the statute reveal that an employer's responsibility for providing medical treatment to covered employees under the Act is limited to ten weeks following an injury. To hold an employer liable for medical expenses beyond this time period, the Appellate Panel must decide that, based upon a heightened standard of medical evidence, additional treatment would tend to lessen the claimant's period of disability. *See* § 42-15-60(A).

Second, we find the Appellate Panel's construction leads to an absurd result in which the statute would only require claimants who immediately report injuries within ten weeks to produce expert medical evidence to receive additional medical treatment while allowing claimants who file a Form 50 after more than ten weeks to receive treatment without producing such evidence. *See Kiriakides v. United Artists Commc'ns, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) (stating that statutes should not be construed so as to lead to an absurd

result that could not have been intended by the General Assembly). Indeed, as a practical matter, an employer simply cannot comply with the ten-week treatment provision of section 42-15-160(A) if the employee does not promptly report the injury. *Cf. Mintz v. Fiske–Carter Constr. Co.*, 218 S.C. 409, 414, 63 S.E.2d 50, 52 (1951) (stating the requirement of prompt notice in workers' compensation cases enables the employer to "furnish medical care [to] the employee ... to minimize the disability and conseque[n]t liability upon the employer").

Last, contrary to the Appellate Panel's public policy concerns, the General Assembly has placed the burden upon the claimant to prove entitlement to worker's compensation benefits. *See Clade v. Champion Labs.*, 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture[,] or speculation.").

In the instant case, it is undisputed that Hartzell never requested medical treatment or expenses from Palmetto. Because more than ten weeks had elapsed since Hartzell's alleged injury and the Appellate Panel did not support its decision with expert medical evidence, we find it erred when it awarded medical benefits in contravention of subsection 42-15-60(A). Therefore, we reverse the Appellate Panel on this issue.

## CONCLUSION

Based on the foregoing, the Appellate Panel's decision is

**AFFIRMED IN PART and REVERSED IN PART.**[4]

THOMAS and GEATHERS, JJ., concur.

---

4. We decide this case without oral argument pursuant to Rule 215, SCACR.