**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dana Dixon, Employee, Appellant,

v.

SC Department of Mental Health, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2021-000696

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2023-UP-075
Submitted February 14, 2023 – Filed March 1, 2023

---

**AFFIRMED**

---

Dana L. Dixon, of St. Matthews, pro se.

M. Stephen Stubley, of Speed, Seta, Martin, Trivett & Stubley, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** Dana Dixon appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) affirming the single commissioner's denial of Dixon's claims for additional medical treatment for an alleged injury to her back. Dixon raises numerous issues on appeal. We affirm.

We hold substantial evidence supports the Appellate Panel's decision that Dixon failed to provide expert medical evidence showing to a reasonable degree of medical certainty that the treatment she sought was related to her December 22, 2016 work accident as required to justify treatment beyond ten weeks from the date of her injury. *See Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (stating the appellate court "must affirm the findings of fact made by the [Appellate Panel] if they are supported by substantial evidence"); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); S.C. Code Ann. § 42-15-60(A) (2015) ("The employer shall provide medical, surgical, hospital, and other treatment . . . for a period not exceeding ten weeks from the date of an injury, to effect a cure or give relief and for an additional time as in the judgment of the commission will tend to lessen the period of disability as evidenced by expert medical evidence stated to a reasonable degree of medical certainty."); *Hartzell v. Palmetto Collision, LLC*, 419 S.C. 87, 96, 796 S.E.2d 145, 150 (Ct. App. 2016) ("To hold an employer liable for medical expenses beyond [the ten-week from the date of injury] time period, the Appellate Panel must decide that, based upon a heightened standard of medical evidence, additional treatment would tend to lessen the claimant's period of disability."). Accordingly, we affirm the Appellate Panel's denial of Dixon's claim for additional treatment of her back.[1]

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We need not address Dixon's remaining issues because our determination of the above issue is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.